1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
8          FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9   Michael John McLeod, Peter Kamenkovich,        NO. 16-cv-01227-JCC
    Andrew Punzak, Justin Chandler, Michael
10  Alphin, Timothy Woelper, Daniel Kim,           **PLAINTIFFS' RESPONSE TO**
    Ryan Ford, Jacob Williard, Ryan Klimt,         **DEFENDANTS CSGO LOTTO, INC.**
11  Mitchell Gunter, Jacob Phillips, Dakota        **AND TREVOR A. MARTIN'S**
    Barney, Nicholas Mora, Vincent                 **MOTION TO DISMISS FIRST**
12  Cianfaglione, Dylan Latvis, Levi Ledbetter,    **AMENDED CLASS ACTION**
    Daniel Spann, Jake Bohl, Rahul Malhotra,       **COMPLAINT**
13  Bradford Daniels, Scott Hallman, Jared
    Conley, Kevin Ryan, Isaac Lynn, Sam
14  Keller, Dominic Allen, Samuel Joines,          **NOTE ON MOTION CALENDAR:**
    Nicholas Crain, Christopher Calvi, J.J., L.O., **September 23, 2016**
15  L.L., K.M., S.S., G.G., G.L., A.D., G.M.,
    P.L., P.S., A.L., N.M., and K.M. individually
16  and on Behalf of All Others Similarly          **ORAL ARGUMENT REQUESTED**
    Situated,
17
                          Plaintiffs,
18
         v.
19
    VALVE CORPORATION, a Washington
20  corporation; CSGOLOTTO INC., a Florida
    corporation; OPSKINS GROUP, INC., a
21  Canadian corporation; JAMES VARGA, a
    Nevada individual; PHANTOML0RD INC.,
22  a Nevada Corporation; CSGO SHUFFLE, a
    European Company; TREVOR A. MARTIN,
23  a Florida individual; and THOMAS
    CASSELL, a California individual,
24
                          Defendants.
25

26

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - i
6225/001/357412.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................................. 1

II.     FACTUAL BACKGROUND .................................................................................. 2

III.    LEGAL STANDARD ............................................................................................ 9

IV.     DISCUSSION ........................................................................................................ 9

        A.    This Court Has Personal Jurisdiction Over Martin and Lotto. ........................... 9

                1.    The Court May Assert General Jurisdiction Over Lotto ........................ 9

                2.    Defendants Are Subject To Specific Jurisdiction Here ......................... 11

                3.    This Court Can Exercise Personal Jurisdiction Under RICO's
                    "Ends of Justice" Provision ................................................................. 14

        B.    This Court Has Subject Matter Jurisdiction ..................................................... 15

        C.    Plaintiffs Have Properly Pled All Counts Against Lotto and Martin ................ 20

                1.    Plaintiffs Have Properly Pled Recovery For Gambling Losses
                    Against Lotto and Martin ..................................................................... 20

                2.    Plaintiffs Have Properly Pled All Allegations Generally...................... 23

                3.    Plaintiffs Have Properly Pled Unjust Enrichment Claims .................... 24

                4.    Plaintiffs Have Properly Pled RICO Claims Against Defendants.......... 25

                5.    Plaintiffs Have Sufficiently Pled Fraud And Reliance.......................... 27

                6.    Plaintiffs Have Properly Alleged Consumer Protection Violations
                    Against Martin and Lotto ..................................................................... 29

                7.    New Jersey Plaintiffs' Have Sufficiently Alleged A Violation of
                    the New Jersey TCCWNA ................................................................... 33

V.      CONCLUSION .................................................................................................... 35

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - ii

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF AUTHORITIES

**Cases**

*Abrego v. Dow Chem. Co*,
   443 F.3d 676, 680, 2006 U.S. App. LEXIS 8077, *11 (9th Cir. Cal. 2006) ......................... 18

*Acri v. Varian Assocs., Inc.*,
   114 F.3d 999, 1001 (9th Cir. 1997) ....................................................................................... 20

*Ambassador Ins. Co. v. Montes*,
   76 N.J. 477, 483 (1977) ......................................................................................................... 34

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................... 9

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
   223 F.3d 1082, 1086 (9th Cir.2000) ....................................................................................... 10

*Bavand v. OneWest Bank FSB*,
   2012 U.S. Dist. LEXIS 71926, at *9-10, 2012 WL 1884668 (W.D. Wash. May 22, 2012).. 20

*Beyer v. Moynihan*,
   2010 U.S. Dist. LEXIS (D. Ore. 2010) ................................................................................... 21

*Block v. eBay, Inc.*,
   747 F.3d 1135, 1140 (9th Cir. 2014) ................................................................................. 28, 29

*Breslin Realty Assocs. v. Park Invs., Ltd.*,
   No. 91-cv-1614 (TCP), 1991 WL 340576, at *2 (E.D.N.Y. Dec. 23, 1991) ......................... 27

*Broam v. Bogan*,
   320 F.3d 1023, 1028 (9th Cir. 2003); *Chang v. Chen,* 80 F.3d 1293 (9th Cir. 1996)............. 9

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462, 476–78 (1985) ................................................................................................. 11

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
   788 F.2d 535, 538 (9th Cir. 1986) .......................................................................................... 14

*Cabo Distrib. Co., Inc. v. Brady*,
   821 F.Supp. 601, 608 (N.D.Cal. 1992) ..................................................................................... 9

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
   556 U.S. 635, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009) ..................................................... 20

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Castro v. Sovran Self Storage, Inc.,*
  114 F. Supp. 3d 204, 215-16 (D.N.J. 2015) ...................................................... 34

*Cedric Kushner Promotions, Ltd. v. King,*
  533 U.S. 158, 163 (2001) ...................................................................................... 25

*Chang v. Chen,*
  80 F.3d 1293 (9th Cir. 1996)……………………………………………………9

*Chaset v. Fleer/Skybox Int'l, LP,*
  300 F.3d 1083 (9th Cir. 2002) ............................................................................... 17

*Cohen v. Doe,*
  2008 U.S. Dist. LEXIS 88390 (D. Colo. 2008)...................................................... 21

*Comerica Bank v. McDonald,*
  No. C06-03735 RMW, 2006 WL 3365599, at *2 (N.D. Cal. Nov. 17, 2006) ...................... 28

*Cybersell, Inc. v. Cybersell, Inc.,*
  130 F.3d 414, (9th Cir. 1997) ............................................................................... 13

*De La Cruz v. Tormey,*
  582 F.2d 45, 48 (9th Cir. 1978), *cert. denied,* 441 U.S. 965, 60 L. Ed. 2d 1072, 99 S. Ct.
  2416 (1979) ......................................................................................................... 9

*Dooley v. Crab Boat Owners Ass'n,*
  2004 U.S. Dist. LEXIS 7117 at * 17 (N.D. Cal. Apr. 26, 2004)........................................... 25

*Doug Grant, Inc. v. Great Bay Casino Corp.,*
  232 F.3d 173 (3d Cir. 2000) ................................................................................... 17

*Engalla v. Permanente Med. Grp., Inc.,*
  15 Cal.4th 951, 977, 64 Cal.Rptr.2d 843 (1997) ................................................... 29

*Gator.Com Corp. v. L.L. Bean, Inc.,*
  341 F.3d 1072, 1076–77 (9th Cir. 2003) ................................................... 10, 13

*Geographic Expeditions, Inc. v. Estate of Lhotka,*
  599 F.3d 1102 (9th Cir. 2010) ............................................................................... 19

*Gitson v. Trader Joe's Co.,*
  63 F. Supp. 3d 1114, 1116 (N.D. Cal. 2014)........................................................... 32

*Gomes v. Extra Space Storage, Inc.,*
  2015 U.S. Dist. LEXIS 41512, *19-20 (D.N.J. 2015)........................................... 35

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - iv

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Gordon v. Virtumundo, Inc.*
  2006 WL 1495770 (W.D. Wash. May 24, 2006) ........................................................... 11, 12

*Guerrero v. Gates,*
  442 F.3d 697, 707 (9th Cir. 2006) ...................................................................................... 16

*Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,*
  784 F.2d 1392 (9th Cir. 1986) ........................................................................................... 13

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,*
  105 Wn.2d 778, 719 P.2d 531 (1986) ............................................................................ 30, 32

*Hannosh v. Segal,*
  235 Ariz. 108 (Ariz. Ct. App. 2014) .................................................................................. 23

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408, 416 (1984) ...................................................................................................... 9

*High Maint. Bitch, LLC v. Uptown Dog Club, Inc.,*
  No. C07-888Z, 2007 WL 3046265, at *3 (W.D. Wash. Oct. 17, 2007) .............................. 13

*In re Clorox Consumer Litig.,*
  2013 WL 3967334 *10 (ND Cal. July 31, 2013) ................................................................ 25

*In re MasterCard, Int'l, Inc.,*
  313 F.3d 257 (5th Cir. 2002) .............................................................................................. 17

*In re Reformulated Gasoline (RFG) Antitrust & Patent Litig.,*
  2006 U.S. Dist. LEXIS 101252, 2006 WL 7123690, at *26 (C.D. Cal. June 21, 2006)........ 20

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.,*
  162 Wn.2d 59, 83, 170 P.3d 10 (2007). .............................................................................. 31

*Johnson v. Wynn's Extended Care, Inc.,*
  635 Fed. App'x. 59, 61 (3rd Cir. 2015)............................................................................... 34

*Kater v. Churchill Downs Incorporated,*
  2015 WL 9839755 *3 (W.D. Wash 2015). .......................................................................... 22

*Klem v. Wash. Mut. Bank,*
  176 Wn.2d 771, 787, 295 P.3d 1179 (2013) ....................................................................... 30

*Kosta Int'l v. Brice Mfg. Co.*
  No. C14-0219-JCC, 2014 WL 3847365 * 2 (W.D. Wash. Aug. 5, 2014) ...................... 10, 11

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - v

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Magney v. Lincoln Mut. Sav. Bank*
   34 Wn. App. 45, 57, 659 P.2d 537 (1983)........................................................................ 30, 31

*Martinez-Santiago v. Public Storage*,
   38 F. Supp. 3d 500, 515 (D.N.J. 2014)................................................................................. 34

*Matthews v. Nat'l Football League Mgmt. Council*,
   688 F.3d 1107, 1113 (9th Cir. 2012) (citing Fed. R. Evid. 201(b)(2))..................................... 3

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218, 1226–27 (9th Cir. 2011) ............................................................ 10, 11, 12, 13

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581, 590–91 (9th Cir. 2012) ................................................................................... 32

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802, 810 (9th Cir. 1988) ......................................................................................... 23

*McHenry v. Renne*,
   84 F.3d 1172, 1179-80 (9th Cir. 1986).................................................................................. 23

*Odom v. Microsoft Corp.*,
   486 F.3d 541, 553 (9th Cir. 2007) ......................................................................................... 27

*Oscar v. University Students Coop. Ass'n*,
   965 F.2d 783, 785 (9th Cir. 1992) ......................................................................................... 16

*Panag v. Farmers Ins. Co. of Wash.*,
   166 Wn.2d 27, 47, 204 P.3d 885 (2009) ............................................................................... 31

*Panavision Int'l, L.P. v. Toeppen*,
   141 F.3d 1316, 1323 (9th Cir. 1998) ..................................................................................... 14

*Pebble Beach Company v. Caddy*,
   453 F. 3d 1151, 1154 (9th Cir. 2006) ..................................................................................... 12

*Phillips v. Double Down Interactive, LLC*
   2016 WL 1169522 * 9 (ND Ill. Mar. 25, 2016) ..................................................................... 25

*Price v. Pinnacle Brands, Inc.*,
   138 F.3d 602 (5th Cir. 1998) ................................................................................................. 17

*Rahco Int'l, Inc. v. Laird Elec., Inc.*,
   502 F. Supp. 2d 1118, 1122 (E.D. Wash. 2006)................................................................... 12

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - vi

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*River City Mkts., Inc. v. Fleming Foods W., Inc.*,
  960 F.2d 1458, 1461 (9th Cir. 1992) ................................................................ 25, 26

*Rodriquez v. Topps Company, Inc*.,
  104 F. Supp. 2d 1224 (S.D. Cal. 2000) ............................................................... 17

*Rush v. Blackburn*,
  190 Wn. App. 945, 962, 361 P.3d 217 (2015)....................................................... 30

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035, 1039 (9th Cir. 2004) ................................................................... 15

*Saunders v. Lloyd's of London*,
  113 Wn.2d 330, 344, 779 P.2d 249 (1989) .......................................................... 30

*Savage v. Council on American-Islamic Relations, Inc.*,
  2008 U.S. Dist. LEXIS 60545, 2008 WL 2951281, at *13 (N.D. Cal.) ................................. 16

*Schafer v. Citibank*, N.A.
  2010 U.S. Dist. LEXIS 143833 (E. D. Va. Aug. 3, 2010) .................................... 22

*Schwartz v Upper Deck Co.*,
  104 F Supp 2d 1228, 1230-1231 (SD Cal 2000) .................................................. 16

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479, 497-498, (1985) ............................................................................ 16

*State v. Reader's Digest Ass'n, Inc.*,
  81 Wn.2d 259, 276, 501 P.2d 290, 302 (1972) ................................................... 30

*Stephens v. Omni Ins. Co.*,
  138 Wn. App. 151, 166, 159 P.3d 10 (2007)....................................................... 31

*Swartz v. KPMG LLP*,
  476 F.3d 756, 765 (9th Cir. 2007) ...................................................................... 29

*Thompson v. Thompson*,
  484 U.S. 174, 187 (1988) ................................................................................... 23

*Thornell v. Seattle Serv. Bureau, Inc.*,
  184 Wn.2d 793, 801, 363 P.3d 587 (2015) ........................................................ 30

*Timberlane Lumber Co. v. Bank of Am.*,
  549 F.2d 597, 602 (9th Cir. 1977) ...................................................................... 16

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - vii

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Tomek v. Apple Inc.*,
   636 F. App'x 712, 713 (9th Cir. 2016) ........................................................ 28

*U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
   501 F.3d 493, 509 (6th Cir. 2007) ............................................................ 28

*U.S. v. George*
   568 F. 2d 1064, 1071 (4th Cir. 1978) ........................................................ 26

*United States v. Green*,
   745 F.2d 1205, 1208 (9th Cir. 1984) ........................................................ 27

*Vernon v. Qwest Communications Intern., Inc.*
   643 F. Supp. 2d 1256, 1267 (W.D. Wash. 2009) .................................... 24

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097, 1106 (9th Cir. 2003) ........................................................ 28

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136, 1139 (9th Cir. 2003) ........................................................ 15

*Wolfe v. Strankman*,
   392 F.3d 358, 362 (9th Cir. 2004) ............................................................ 15

*Woodson v. IBM, Inc.*,
   2007 U.S. Dist. LEXIS 89281 (N.D. Cal. 2007) ...................................... 21

*Wool v. Tandem Computers, Inc.*,
   818 F.2d 1433, 1439 (9th Cir. 1987) ........................................................ 28

*Wordtech Sys., Inc. v. Programmer's Paradise, Inc.*,
   No. C 97-0327, 1997 U.S. Dist. LEXIS 15902, at *5 (N.D. Cal. Oct. 8, 1997) ................... 14

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199, 1207 (9th Cir. 2006) .................................................. 12, 14

*Young v. Young*,
   164 Wash.2d 477 481 (2008) ................................................................ 24

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180, 1189 (9th Cir. 2001) ........................................................ 32

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
   952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ...................................... 11, 12, 13

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - viii

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**Statutes**

15 U.S.C. § 78-u4 .................................................................................................. 28

18 U.S.C. §§ 1341 and 1343 ................................................................................. 27

18 U.S.C. § 1955 ............................................................................................. 26, 27

18 U.S.C. § 1961(1) .............................................................................................. 26

18 U.S.C. § 1961(5) .............................................................................................. 26

18 U.S.C. § 1962 .................................................................................................. 26

18 U.S.C. § 1962(a) .............................................................................................. 26

18 U.S.C. § 1962(c) ......................................................................................... 25, 26

18 U.S.C. § 1964(c) .............................................................................................. 16

18 U.S.C.S. § 1965(b). .......................................................................................... 14

28 U.S.C. § 1332(d) .............................................................................................. 18

28 U.S.C. § 1367 .................................................................................................. 19

28 U.S.C. § 1367(c) .............................................................................................. 19

28 U.S.C. § 1367(c)(3) .......................................................................................... 20

28 U.S.C.S. § 1332(d) ........................................................................................... 18

RCW 19.86 ........................................................................................................... 29

N.J.S.A. 56:12-15 ................................................................................................. 33

N.J.S.A. 56:12-16 ................................................................................................. 35

N.J.S.A. 56:12-17 ................................................................................................. 33

RCW 19.86.920 .................................................................................................... 30

RCW 9.46.010 ...................................................................................................... 31

RCW 9.46.228 ...................................................................................................... 30

Va. Code Ann. § 11-15 ......................................................................................... 22

**Rules**

Fed.R.Civ.P. 8(a) .................................................................................................. 23

Fed.R.Civ.P. 9(b) .................................................................................................. 27

Fed.R.Civ.P. 12(b)(1) ........................................................................................... 15

Fed.R.Civ.P. 12(b)(6) ......................................................................................... 9, 15

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - ix

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs on behalf of themselves and all others similarly situated, by and through counsel, submit the following Response to Defendants CS:GO Lotto, Inc. ("Lotto"), and Trevor A. Martin's ("Martin") Motion to Dismiss First Amended Class Action Complaint ("Lotto's Motion to Dismiss").

## I.    <u>INTRODUCTION</u>

This is a simple case with allegations against Defendants that, in all candor, are difficult to believe.  Defendants, including Lotto and Martin, each played their role in creating and facilitating an international, multi-billion dollar online gambling enterprise primarily used by teenage boys who gambled and lost real, actual cash online.  Defendants have made hundreds of millions of dollars because of this gambling ring, the lion's share of which was earned by Defendant Valve Corporation ("Valve").  This began in 2013 and ended just recently, when, after the first lawsuits making these allegations filed by three of the Plaintiffs in this case, Valve shut the enterprise down.  This online enterprise was simply a modern update on the corner bar with illegal gambling in the backroom, but instead of a bar, the enterprise was contained in servers and a website owned, operated and managed by Valve, based in the Western District of Washington.

If an international, online gambling ring involving teenagers was recently shut down, why is it not front page news, especially since the subject of the gambling is a nationally-televised sport appearing every Friday night on national cable channel TBS?[1]  Perhaps the lack of widespread coverage is because the technological framework and language of the video game

---

[1] While this enterprise was well-covered and is well-known in certain segments of the online media and among younger internet users, there have been only a few mainstream articles about what has happened here, such as Bloomberg (www.seattletimes.com/business/technology/valve-faces-suit-over-role-in-gambling-on-video-games/).

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 1

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

culture makes it seem more complicated than it really is.

Valve created, was actively involved in, and profited from an illegal gambling enterprise before shutting it down this past July after media scrutiny and lawsuits.  Valve didn't just look the other way.  Nor did third-party websites take advantage of Valve.  Rather, Plaintiffs have significant primary source evidence from Valve's website and public statements that Valve gave the keys to backrooms to the gambling websites, created and sold the chips for a fee, and controlled the access of gambling websites and customers.

Because of the complicated technological and unique language of the video game world, Plaintiffs have gone above and beyond their pleading obligations by filing a First Amended Complaint ("FAC") nearly 100 pages long with extensive and detailed factual allegations including statement made by Valve and its employees.  Dkt. No. 11.

Defendant Lotto is a Skins Gambling website owned by Defendants Martin and Cassell. Plaintiffs bring claims against Lotto and Martin for their role as members of the illegal gambling enterprise through promotion of illegal gambling on their website, and for their fraud and misrepresentation in posting YouTube videos purporting to show them winning on Lotto while failing to disclose they owned it.  Lotto and Martin are two important pieces of the larger whole: their actions show why Valve's creation of an unregulated, unlicensed, illegal online gambling enterprise targeting teenagers that harmed Plaintiffs and the proposed class.  Plaintiffs' allegations against Lotto and Martin are sufficient and this Court must deny Lotto's Motion.

## II.        FACTUAL BACKGROUND

Counter Strike: Global Offensive ("CS:GO"), is a video game created and sold by Valve as part of its Counter Strike franchise that began in 1999.  FAC at ¶ 83.  CS:GO is a "first person

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

shooter" game.  *Id.* at ¶ 84.  To differentiate itself and increase sales, Valve created "Skins," decorated versions of weapons, in 2013.  *Id.* at ¶¶ 85-87.  At the same time, Valve also created a market for players to buy, sell, and trade Skins inside the Steam Marketplace (Valve's online platform for all of its products, games and sales).  *Id.* at ¶¶ 3, 87.  Valve gave players "weapons cases" during gameplay with an unknown Skin inside.  To access the case, players bought a "key" from Valve for $2.50, knowing that the value of the Skins inside the cases could be more or less than $2.50.  *Id.* at ¶ 87.

This was the first connection between Skins and gambling - Valve made opening cases look just like a slot machine: the player sees numerous different Skins scroll by of various real-world value, and wherever the spin stops the user gets that item.  *See, e.g.* video made by Martin, https://www.youtube.com/watch?v=oqle-lQjac8 (last accessed September 14, 2016).[2]  This video also shows Martin buying keys through his Valve account.  *Id.*  Valve took Skins from an in-game novelty to the backbone of a worldwide online gambling enterprise: by (1) creating a marketplace to give Skins real cash value and (2) imbuing the acquisition of Skins with the look, feel, sound and allure of gambling.

One of Valve's employees explained at a conference that Valve had determined that the "best way to get players deeply engaged in games…was to give away virtual items of random value and encourage a robust market to trade them…This is hugely successful for us." [3]  FAC at ¶ 92.  It was successful, and Valve profited.  First, CS:GO surpassed similar games like Call of

---

[2] Courts may take judicial notice of a website containing facts "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (citing Fed. R. Evid. 201(b)(2)) (taking judicial notice of statistics from NFL.com).

[3] Valve actually hired an internationally renowned economist to help it develop currencies and cross-platform economies for their video games like CS:GO.  FAC at ¶ 93. *Id.*, *citing* http://www.bloomberg.com/features/2016-virtual-guns-counterstrike-gambling/.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Duty and increased sales by an estimated 1500%. *See* http://www.bloomberg.com/features/2016-virtual-guns-counterstrike-gambling/ (article cited throughout FAC). Second, Valve profited from the sale of "keys" to players and the 15% fee from sales of Skins on the Steam Marketplace. FAC at ¶¶ 19, 90, 91. Finally, Skins Gambling increased interest in CS:GO tournaments, the television rights to which Valve sold to cable channel TBS. FAC at ¶¶ 1, 4, 91, 94, 95. There was a significant increase in Skins betting during televised CS:GO matches, and one industry analyst determined that more than $33 million dollars in Skins were bet during one Friday night match. *Id.* at ¶95. Skins Gambling websites also included pure casino-style gambling. Defendants Lotto and Shuffle offered pure jackpot games of chance, coin flips and other gambling. *Id.* at ¶¶ 10, 11, 140-143. Other Skins Gambling websites offered pure casino style gambling. *See e.g.,* csgospeed.com. Valve was well-aware of these Skins Gambling websites, and an anonymous employee told a reporter that there were "rigged roulette sites in Russia." *See* FAC at ¶¶ 112-113.

Skins have real cash value, which Valve knew and openly acknowledged. For instance, Valve explained new security measures as necessary because "enough money now moves around the system that stealing virtual Steam goods has become a real business for skilled hackers … If hackers couldn't move the stolen goods off the hacked account, then they couldn't sell them for real money, and that would remove the primary incentive to steal the account." *Id.* at ¶¶ 114-116, *citing* http://store.steampowered.com/news/19618/. Users can sell Skins on the Steam Marketplace to each other for cash and pay a fee to Valve. FAC at ¶ 89. Players can use cash earned from selling Skins to purchase real-world items directly from Steam, or from outside parties. That is, users could sell Skins for real money on Valve's website, and use that real money

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  to buy games from other developers through the store on Valve's website, and Valve then takes

2  a portion of the transaction as a cash fee[4].

3      In their Motion to Dismiss, Lotto and Martin discuss Skins only as "virtual weapons" and

4  assert they do not have cash value.  *See* Lotto's Motion to Dismiss at 6.  However, Lotto's owners

5  Martin and Cassell constantly discussed Skins and their cash value.  For instance, Martin posted

6  a YouTube called "HOW TO WIN $13,000 IN 5 MINUTES (CS:GO BETTING)".  *See* FAC at

7  ¶156 (*citing* YouTube video that Martin has since deleted).  In that video, Martin said things like

8  "$3500 in the last 15 minutes.  That's what I'm talking about." and "Cashing out baby, cashing

9  out."  *Id.*  In another video, Martin said he was "betting on [Lotto] today and I won a pot of like

10  $69 or something like that…" https://www.youtube.com/watch?v=oqle-lQjac8.[5]

11

12      Lotto and Martin had to maintain significant contacts with Valve and show why Valve's

13  actions were central to this enterprise: every single transaction involving Skins and Skins

14  Gambling takes place on Valve's servers, under Valve's own virtual roof.  FAC at ¶¶ 10, 16, 87,

15  143, 145, 146.  For players to gamble Skins, they have sign in to a Skins Gambling website using

16  their Steam Marketplace/Valve user ID and password.  *Id.* at ¶¶ 10, 11, and screenshots at ¶¶

17  123-136.   Users have to login to their Valve account because every transaction involving the

18

19

20

---

[4] The Steam Marketplace "is to PC gaming what Apple's App Store is to smartphone apps."  *See* http://www.bloomberg.com/features/2016-virtual-guns-counterstrike-gambling/.
[5] Lotto's other owner, Cassell, posted numerous videos describing Skins as cash.  For instance, in a video called "Crazy High Wins (CS:GO Betting)" Cassell said "Yesterday and the day before I have amassed probably about a win of $16,000…I'm going to take all my top 30 Skins just to see what the value is….I'm already at $10,000…so I've got $10,409 worth of good inventory right now…."  *See* https://www.youtube.com/watch?v=88oXvWaczoY. In the same video, he gambled against other people on Lotto and said things like "We just managed to bag ourselves a $357 knife" and "Just won our biggest bet so far at $1200, which is pretty damn sexual" and "Massive thank you to CS:GOLotto for sponsoring me playing on their site. They hooked me up with skins like months ago to get me from where I am with like $1000 skins to where I am with like $30000 skins."  *Id.*  Finally, this video was done on Lotto's website, which allowed Cassell to highlight items and Lotto itself calculated the value of those Skins in cash. *See id.* at 00:13 - 00:40.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

transfer of Skins requires a player to transfer Skins from his own Valve account to another Valve account that was owned and managed by a gambling website such as Lotto. *Id*. at ¶ 107.  For a player to use Skins to gamble on Lotto, he must transfer Skins to Lotto's Valve account on the Steam Marketplace, based on Valve's system in Washington. *Id*. at ¶ 107. If a player wins a jackpot on Lotto, Lotto transfers Skins from its Valve accounts to the player's Valve account. *Id.*

Because of the sheer volume of Skins Gambling, Lotto and Martin websites had to create hundreds or thousands of automated holding accounts, generally referred to as "bot" accounts, in order to operate. *Id*. at ¶ 16.  Martin and Lotto's accounts were subject to the Steam Subscriber Agreement that include a Washington forum selection clause. *Id.* at ¶ 143.  In the videos giving rise to this case, Martin is logged into his Valve account.  *See Id.* at ¶¶ 155-56.  And in another video, for a few seconds Martin is shown logged into one of Lotto's Valve bot accounts.  *See* https://youtu.be/2bKwyjAQc90?t=6m53s (last accessed September 14, 2016):



The allegations against Lotto are simple: Lotto promoted and engaged in illegal online gambling as part of the entire Skins Gambling enterprise.  FAC at ¶¶ 10, 140, 142.  In addition to personally promoting illegal gambling to minors through YouTube videos with the word "Betting" in the title, for which Plaintiffs bring claims here, Martin and his partner Cassell each

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 6

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

owned and operated Lotto, but failed to disclose that fact to Plaintiffs and the class, and fraudulently concealed this fact. *Id.* at ¶¶ 13, 26, 154-58.  In the YouTube video called "HOW TO WIN $13,000 IN 5 MINUTES (CS:GO BETTING)" Martin failed to disclose he owned Lotto while showing himself winning $13,000 in two spins on Lotto. *Id.* at ¶156.  In another video, Martin told his viewers "We found this new site called CSGOLotto….We were betting on it today and I won a pot of like $69 or something like that… but it was like the coolest feeling ever." https://www.youtube.com/watch?v=oqle-lQjac8.  Plaintiffs would not have played on Lotto had they known that Martin was the owner, that his videos did not depict him actually winning and instead was the owner of a website "winning" at his own website. *Id.* at ¶164.

The most unconscionable part of what Valve, Lotto, Martin and the other defendants have done in creating the Skins Gambling enterprise is that the target market is mainly kids.  The majority of named Plaintiffs are minors and those who just recently turned 18.  *See* FAC at ¶¶ 28-79.  After his ownership in Lotto came to light and he was named in a lawsuit, Cassell fled to the United Kingdom.  There, he has gone on a public tour to meet with his fans and posted pictures from this tour on Twitter (https://twitter.com/ProSyndicate).  These pictures show that his fans are primarily young boys:



PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Valve knows many of its users are teenagers and therefore knows who is harmed by the Skins Gambling enterprise.  To create a Valve account users must check a box to indicate they are just thirteen (13) years or older:



FAC at ¶ 205.

In sum, the claims against Lotto and Martin demonstrate that what Valve has done in creating and facilitating an online illegal gambling enterprise harms consumers, Plaintiffs and the class.  Without Valve and without Skins Gambling, Martin and Cassell would not have been able to create Lotto, would not have been able to create YouTube videos purporting to show them winning $13,000 in five minutes in order to entice teenagers to buy Skins and gamble them, and would not have been able to make real cash at the expense of kids.  Plaintiffs have exceeded their burden under all pleading standards in their claims against Lotto and Martin, and the Court must deny Lotto's Motion to Dismiss.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

### III.    LEGAL STANDARD

In analyzing Lotto's Motion, this Court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen,* 80 F.3d 1293 (9th Cir. 1996).   As the Ninth Circuit has stated, "the issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied,* 441 U.S. 965, 60 L. Ed. 2d 1072, 99 S. Ct. 2416 (1979).   Because a primary objective of the legal system "is to obtain a judgment on the merits, rather than a dismissal based on the pleadings," motions to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) are generally viewed with disfavor. *Cabo Distrib. Co., Inc. v. Brady*, 821 F.Supp. 601, 608 (N.D.Cal. 1992).   As discussed below, Plaintiffs, in their First Amended Complaint have painstakingly alleged specific facts and allegations with detailed, primary sources from Defendants' own statements, and have properly plead their claims.

### IV.    DISCUSSION

**A.    This Court Has Personal Jurisdiction Over Martin and Lotto.**

**1.    The Court May Assert General Jurisdiction Over Lotto.[6]**

A court may assert general jurisdiction over a defendant who engages in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984), that "approximate physical presence" in the forum state, *Bancroft &*

---

[6] Contrary to Defendants' assertions, Plaintiffs do not allege that this Court may exercise general jurisdiction over Defendant Martin.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000).  To determine whether a defendant's contacts are sufficient, courts examine two factors: (1) a "deliberate presence in the forum state"; and (2) the "economic reality of the defendant's activities."  *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076–77 (9th Cir. 2003), *on reh'g en banc*, 398 F.3d 1125 (9th Cir. 2005).  Lotto's contacts with Washington meet these requirements.

Although Lotto's presence in Washington is virtual, the Ninth Circuit has found general jurisdiction under similar circumstances.  *See Gator.Com*, 398 F.3d at 1079.  Like the defendant in *Gator.Com*, Lotto's commercial contacts with Washington are "continuous and systematic."  *See Id.* at 1078.  Lotto solicits Washington players, accepts bets from Washington players, and profits from their use of the site.  FAC at ¶¶ 10, 154-61.  Lotto acts as a bailee by taking control of Skins placed in a jackpot.  FAC at ¶ 107.  Lotto obliges itself to deliver Skins to winners in Washington.  *Id.*  Lotto's gambling games can only operate on Valve's servers, and Valve is a Washington corporation with its headquarters in this District.  FAC at ¶¶ 10, 16, 21, 107.  Lotto must maintain a virtual presence on Valve's servers in order to offer its gambling games to the public.  *Id.*  This presence includes maintenance of hundreds of automated bot holding accounts, which are necessary to Lotto's functionality and operate continuously on Valve's servers as users gamble.  FAC at ¶¶ 16, 107, 143.  These well-pled allegations support general jurisdiction.

None of the cases Defendants cite present the same degree of substantial and continuous contacts that Lotto exhibits in this case.  For instance, *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226–27 (9th Cir. 2011), simply stands for the idea that the existence of a highly-interactive website, by itself, does not justify general jurisdiction.  And in *Kosta Int'l v. Brice Mfg. Co.*, the plaintiff based general jurisdiction solely on "web-based information" that "at most suggest[ed] some relationship" between the defendant and a third party.  No. C14-0219-JCC,

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

2014 WL 3847365, *2 (W.D. Wash. Aug. 5, 2014).  *Kosta* involved a different type of website than this case and Plaintiffs' allegations are not based solely on third-party affiliations.

**2.      Defendants Are Subject To Specific Jurisdiction Here.**

This Court has specific jurisdiction if Lotto and Martin "purposefully direct [their] activities or consummate some transaction with the forum or resident thereof," those activities give rise to or relate to Plaintiffs' claims, and exercising jurisdiction is reasonable. *Mavrix* 647 F.3d at 1227–28 (9th Cir. 2011).  A court looks applies the "'effects' test [which] requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).  Here, Lotto acted with intent when it placed its gambling games on Valve's servers and contracted with Valve to create hundreds of automated bot holding accounts.   FAC at ¶¶ 10, 16, 107.  Lotto purports to require Washington users to agree to its Terms of Service.  FAC at ¶ 327 n.76.  Then, Lotto "knowingly and repeatedly" transmits computer files – Skins – to Washington users over the internet.[7] FAC at ¶¶ 10, 16, 107.  In every gambling transaction, Lotto acted as a bailee for Skins posted as ante.  FAC at ¶ 107.  Under the *Zippo* sliding scale test, which Defendants concede is "widely accepted by federal courts," (Lotto's Motion at 13) courts find personal jurisdiction when internet businesses exhibit these exact attributes.  *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,

---

[7] Defendants' assertion that only two Washington residents gambled Skins on Lotto is both inaccurate and irrelevant.  Mot. at 14.  Despite the fact that only two named Plaintiffs are Washington residents, many more class members are Washington residents who gambled on Lotto.  Courts examine *all* of Defendant's contacts with the forum state and do not limit the analysis to only those contacts that involve wrongful activity by the Defendant. *Yahoo!* 433 F.3d at 1207.  A defendant may not avoid personal jurisdiction by merely demonstrating that it has limited or no contacts with a *particular plaintiff. Gordon v. Virtumundo, Inc.*, No. CV06-0204JCC, 2006 WL 1495770, at *3 (W.D. Wash. May 24, 2006).

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 11

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

952 F. Supp. 1119, 1124 (W.D. Pa. 1997); *Marvix* 647 F.3d at 1227 (noting that the Ninth Circuit follows the *Zippo* sliding scale test in the context of specific jurisdiction).

The YouTube videos above show Martin using his Valve account, which means he agreed to Valve's Steam Subscriber Agreement, which includes a Washington Choice of Law provision. FAC at ¶ 205 n.74. That provision provides, "you hereby consent to the exclusive jurisdiction of [any state or federal court located in King County, Washington]." This fact alone is sufficient to establish personal jurisdiction over Martin. *Rahco Int'l, Inc. v. Laird Elec., Inc.*, 502 F. Supp. 2d 1118, 1122 (E.D. Wash. 2006). Moreover, as this Court held in *Gordon*, "[t]here is no bar to exercising personal jurisdiction over officers and employees of a non-resident corporation if they ha[ve] the requisite minimum contacts". *Gordon* 2006 WL 1495770, at *4. Martin is Lotto's partial owner. FAC at ¶ 26. Like the defendant directors in *Gordon*, Martin had "knowledge of, directed, and authorized" Lotto's illegal activities by owning, operating, promoting, and participating in Lotto's illegal gambling games. Defendants knew that inducing minors to gamble would cause harm. Nevertheless, Defendants actively promoted their product to minors in Washington and throughout the United States. Minors lost money and suffered other forms of damages as a result of exposure to illegal gambling. This harm is sufficient to satisfy the third prong of the *Calder* test.[8] *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006).

---

[8] Defendants cite, in a footnote, the declaration of Aaron Vick, which purports to cast doubt on allegations that Plaintiffs Dominic Allen and Nicholas Crain played Lotto. The declaration, however, fails to directly controvert Plaintiffs' allegations. At best, in Defendants' own words, it "call[s] into question" Plaintiffs' claims. Lotto's Motion at 11 n.3. The declarant's findings are shrouded in technical jargon and create nothing more than a disputed issue of material fact. The declarant does not demonstrate that Plaintiffs' allegations are untrue. To find otherwise, would require inferences drawn in favor of Defendants, which is impermissible. *Pebble Beach*, 453 F. 3d 1151, 1154 (9th Cir. 2006)

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 12

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

The only cases Defendants cite are easily distinguishable. *See High Maint. Bitch, LLC v. Uptown Dog Club, Inc.*, No. C07-888Z, 2007 WL 3046265, at *3 (W.D. Wash. Oct. 17, 2007), *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, (9th Cir. 1997). In *High Maint.,* the court noted that plaintiff could only identify one isolated sale to the forum state. *High Maint.* 2007 WL 3046265 at 3-4. In *Cybersell,* the defendant conducted no commercial activity over the internet in the forum jurisdiction and merely posted a passive web page. *Cybersell, Inc.*, 130 F.3d at 419. Here, Lotto's website is an "active" under the *Zippo* framework. Moreover, Plaintiffs have submitted additional evidence that justifies a finding of personal jurisdiction. This evidence includes Lotto's extensive contracting with Washington residents, Lotto's virtual presence on Valve's servers, and Lotto's generation of revenue from competing against Washington residents in its gambling games. Like *Mavrix*, this case demonstrates that Defendants have "continuously and deliberately exploited" the forum's markets.

Further, Plaintiffs have alleged that "but-for" Lotto's and Martin's hundreds or thousands of Valve accounts with subscriber agreements with Valve, Lotto's use of Valve's servers, and Lotto's contracting and participation in gambling transactions, Plaintiffs and Class members would not have sustained the pecuniary losses alleged in this action. Similarly, but for Martin's YouTube marketing efforts, Plaintiffs and Class members would not have played Lotto's gambling games. FAC at ¶¶ 164, 296-97. Plaintiffs' claims thus arise from Defendants' Washington-related activities.

Finally, Defendants have not presented a "compelling case" that the exercise of jurisdiction would not be reasonable. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. 1986). In fact, Defendant makes no attempt whatsoever to address the Ninth Circuit's seven factor reasonableness test. *See Gator.com*, 341 F.3d 1072 at 1080-81.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 13

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Although Defendants may prefer to litigate in Florida, they have failed to demonstrate that the inconvenience of litigating in Washington is "so great as to constitute a deprivation of due process." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) *holding modified by Yahoo!* 433 F.3d 1199.   Accordingly, the Court should exercise its personal jurisdiction over Defendants Lotto and Martin.

### 3.   This Court Can Exercise Personal Jurisdiction Under RICO's "Ends of Justice" Provision.

The RICO statute provides for nationwide service of process in federal district court over defendants outside of the district, if "the ends of justice require" it. 18 U.S.C.S. § 1965(b).  Such nationwide service of process allows a district court to obtain personal jurisdiction over the nonresident defendant who is served under the statute as long as that person has minimum contacts with the United States. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986).  The test set forth in *Butcher's Union* requires that two specific conditions be met: that (1) "the court . . . have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy" and (2) that no other district would be able to exercise personal jurisdiction over all of the conspirators. *Id.* at 539.  Once the "ends of justice" test has been satisfied, sufficiency of minimum contacts is determined by contacts with the United States as a whole and not contacts with the forum state. *Wordtech Sys., Inc. v. Programmer's Paradise, Inc.*, No. C 97-0327, 1997 U.S. Dist. LEXIS 15902, at *5 (N.D. Cal. Oct. 8, 1997).

Here, the "ends of justice" test is satisfied and the Court may exercise personal jurisdiction over Defendants Lotto and Martin. First, the Court clearly has personal jurisdiction over Valve Corporation, which is headquartered in this district and is one of alleged co-conspirators. See FAC ¶¶ 3, 21, 241-291.  Second, no other district can exercise personal

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 14

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

jurisdiction over all of the co-conspirators.   Plaintiffs allege that Defendant Valve is a Washington corporation (¶¶ 3, 21), that Defendant Lotto is a Florida corporation (¶ 22), Defendant Varga is a resident of Nevada (¶ 24), that Defendant Martin is a resident of Florida ((¶ 26, cite), that Defendant Cassell is a resident of California (¶ 27) and that other Skins Gambling Websites are foreign corporations (¶ 3).   This district is the only appropriate district and no other district can exercise personal jurisdiction over all of the co-conspirators because of the forum-selection clause, entered into by Defendant Martin as well as Defendant Cassell, which requires that any action instituted against Valve be "commenced and maintained exclusively in any state or federal court located in King County, Washington."

### B.      This Court Has Subject Matter Jurisdiction.

This Court has subject matter jurisdiction here.   Defendants seemingly conflate Rule 12(b)(1) and Rule 12(b)(6) questioning Plaintiffs' injury-in-fact.   A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence disputing the truth of the allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).   Here, Defendants assert that the pleadings are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).   Thus, the Court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).   The Court may grant this motion only when the complaint on its face fails to allege sufficient facts to establish subject matter jurisdiction.  *See Safe Air for Everyone*, 373 F.3d at 1039. When, as here, a statute provides the basis for both the federal court and the Plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 15

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   for failure to state a claim is proper only when the allegations of the complaint are

2   frivolous." *Timberlane Lumber Co. v. Bank of Am.*, 549 F.2d 597, 602 (9th Cir. 1977).

3          RICO provides a federal cause of action for any individual injured in their business or

4   property arising out of a violation of the Act. 18 U.S.C. § 1964(c).   "[I]njuries to property are

5   not actionable under RICO unless they result in tangible financial loss to the plaintiff." *Oscar v.*

6   *University Students Coop. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc).   Plaintiffs must

7   show a concrete financial loss. *Guerrero v. Gates,* 442 F.3d 697, 707 (9th Cir. 2006); *Savage v.*

8   *Council on American-Islamic Relations, Inc.,* 2008 U.S. Dist. LEXIS 60545, 2008 WL 2951281,

9   

10   at *13 (N.D. Cal.).

11          Gambling losses are sufficient injury to business or property.   Although the terms

12   "business or property" are limiting as to certain forms of recovery, the United States Supreme

13   Court has recognized and Congress has expressly admonished that RICO is to be "liberally

14   construed to effectuate its remedial purposes." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-

15   498, (1985). The narrow readings offered by Defendants in this case, which are founded in

16   "proof" as opposed to a pleading stage standard, would effectively prohibit the application of

17   RICO with regard to any form of gambling activity.   While "the act of gambling per se is not

18   sufficient to show any injury to one's business or property under RICO," economic harm that

19   constitutes injury under §1964(c) may still be shown through additional allegations.   *See*

20   *Schwartz v Upper Deck Co.*, 104 F Supp 2d 1228, 1230-1231 (SD Cal 2000).   Unlike the cases

21   cited by Defendants, however, in this case Plaintiffs' Complaint alleges more than mere gambling

22   

23   losses. Plaintiffs' Complaint includes additional allegations of: state law gaming violations,

24   fraud, dishonesty, rigged and manipulated contests, and other sufficient predicate act violations

25   

26   attributable to these Defendants' illegal gambling operations. FAC at ¶¶ 158, 260, 261, 337, 338.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 16

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Defendants incorrectly rely on a line of cases, including *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083 (9th Cir. 2002), *In re MasterCard, Int'l, Inc.*, 313 F.3d 257 (5th Cir. 2002), *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173 (3d Cir. 2000), and *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998) for the proposition that gambling can never be considered an injury to "business or property" under RICO.  The cases cited by Defendants do not stand for that proposition and are in no way relevant to the current matter.  In *Doug Grant*, the plaintiffs developed a method for counting cards in Blackjack and were suing the casinos who took legal action to thwart such attempts at cheating by players.  In *Price* and *Chaset*, the plaintiffs purchased sports trading cards which were accompanied by a "chance" that the pack would contain a special bonus card.  In both cases, there were no allegations and no findings that the activity by the Defendants was not "run fairly and honestly" or that the plaintiffs had suffered injury from "unfair or dishonest conduct." In *In re MasterCard*, the plaintiffs were attempting to avoid the debt they incurred by using their credit cards for purposes of online gambling.  In that case, the credit card companies were not involved in the gambling activity and the court found no pattern of racketeering activity.

The Court in *Rodriquez v. Topps Company, Inc.*, 104 F. Supp. 2d 1224 (S.D. Cal. 2000), clarified the "additional" allegations necessary to establish RICO injury when the defendants are involved in gambling activity. The *Rodriquez* court held the additional allegations to be ". . . fraud or dishonesty with respect to defendant's gambling activity." *Id.* at 1226-27. In this case, Plaintiffs have sufficiently pled these additional allegations of fraud or dishonesty regarding Defendants' illegal gambling operation.  Plaintiffs have alleged, in detail, that Defendants' illegal gambling operation is founded on fraudulent, dishonest, rigged and manipulated games.  Additionally, the totality of these Defendants' RICO violations, fraud, dishonesty and rigged and

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 17

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

manipulated games has also resulted in Plaintiffs' having suffered an intangible property injury in their having been deprived of the "right to honest services."  The Plaintiffs here have alleged more than just illegal gambling losses. They have also alleged fraud, dishonesty, rigged and manipulated games, and an illegal gambling operation and other continuing predicate act violations by this illegal gambling enterprise which all of these Defendants participate in and profit from. Therefore, at this stage of the proceedings, Plaintiffs have sufficiently pled a property injury attributable to Defendants' alleged RICO violations so as to sufficiently confer subject matter jurisdiction to this Court.

Subject matter jurisdiction is also properly invoked pursuant to the Class Action Fairness Act, 28 U.S.C.S. § 1332(d) (hereinafter "CAFA"), in the FAC.  CAFA vests federal district courts with original jurisdiction over certain class and mass actions. 28 U.S.C. § 1332(d).  Pursuant to CAFA diversity jurisdiction exists where (1) the matter in controversy exceeds the sum or value of $5 million exclusive of interest and costs; (2) the action is a class action in which any member of a class of plaintiffs is a citizen of a state and any defendant is a citizen or subject of a foreign state; (3) and there are more than 100 members of the class. 28 U.S.C. § 1332(d).

Minimal diversity is where "any member of a class of plaintiffs is a citizen of a State different from any defendant." As noted by the Ninth Circuit, Section 1332(d) "thus abandons the complete diversity rule for covered class actions." *Abrego v. Dow Chem. Co*, 443 F.3d 676, 680, 2006 U.S. App. LEXIS 8077, *11 (9th Cir. Cal. 2006).  Defendants explicitly misstate the clear law regarding minimum diversity pursuant to CAFA when they argue that "there is no diversity of citizenship among Plaintiffs and Defendants, who are all allegedly citizens of the same states."  Lotto's Motion at pg. 15, fn. 6.   Plaintiffs are from 28 different states and Defendants are from Florida, Washington, Nevada, and California.  This is minimal diversity.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 18

**Tousley Brain Stephens PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs have properly and sufficiently alleged in their First Amended Complaint that the amount in controversy exceeds $5 million. Even where the amount in controversy is not explicitly stated, "good faith allegations" in a plaintiff's complaint places a sufficient amount in controversy. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102 (9th Cir. 2010). Plaintiffs have alleged 380,000 people are playing CS:GO at any given time, that Valve has made more than $567 million in revenue from sales of CS:GO, that as much as $33 million is gambled during just one Friday night TBS telecast, and that all of this is part of a multi-billion dollar industry.  FAC at ¶¶, 4, 91, 95, 295.  These facts, common sense, experience, and simple math clearly establish that Plaintiffs have exceeded establishing that Plaintiffs are seeking more than $5 million in damages.

Plaintiffs have also properly and sufficiently alleged that there are more than 100 members of the class.  Plaintiffs have proposed a class defined as "All persons in the United States ("National Class") and/or in each individual state ("State Subclasses") who (1) purchased Skins and/or (2) are parents/guardians of a minor child who purchased Skins."  FAC ¶ 221. As set forth above, Plaintiffs allege that "[m]ore than 380,000 people are playing Counter-Strike worldwide any given time." FAC at ¶4. Furthermore, Plaintiffs allege that "[n]ews accounts discuss how millions of users compete on the websites of Defendant [Valve] and its unnamed co-conspirators." *Id.* at ¶ 214.  Plaintiffs have met the final requirement of CAFA- the matter involves 100 or more individuals.

The Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims.  District courts may only decline to exercise supplemental jurisdiction in rare circumstances, none of which are present here.  28 U.S.C. § 1367(c). In addition, the values of economy, convenience, fairness and comity weigh against declining supplemental

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 19

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

jurisdiction here. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Plaintiffs' claims do not raise novel or complex issues of state law, but rather similar statutes that explicitly prohibit illegal gambling in each state. Plaintiffs' claims for violations of deceptive trade practices acts simply require adjudication within the existing framework of state-based case law. As such, Defendants cannot establish that Plaintiffs claim novel or complex issues of state law at this stage of the litigation. Whether a Complaint consists primarily of state law claims does not alone establish that the state laws predominate. *Bavand v. OneWest Bank FSB*, 2012 U.S. Dist. LEXIS 71926, at *9-10, 2012 WL 1884668 (W.D. Wash. May 22, 2012).

Even if this Court were to dismiss Plaintiffs' RICO claim, the elimination of the federal claim does not automatically deprive district courts of subject matter jurisdiction over any supplemental state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009); *In re Reformulated Gasoline (RFG) Antitrust & Patent Litig.*, 2006 U.S. Dist. LEXIS 101252, 2006 WL 7123690, at *26 (C.D. Cal. June 21, 2006). Rather, the district court retains discretion whether to exercise supplemental jurisdiction over state law claims even after all federal claims are resolved. 28 U.S.C. § 1367(c)(3).

### C.    Plaintiffs Have Properly Pled All Counts Against Lotto and Martin.

#### 1.    Plaintiffs Have Properly Pled Recovery For Gambling Losses Against Lotto and Martin.

Plaintiffs have sufficiently pled violations of state gambling laws by all Defendants, including Lotto and Martin, and have a right to recover for their losses. Defendants have not put forth a substantive argument that Lotto and Martin did not operate illegal online gambling, nor can they. As Plaintiffs alleged, Lotto is a website where users "place bets on various casino-style games, lotteries, jackpots, and other ways to gamble…" FAC ¶ 10. Plaintiffs have specifically

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 20

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

alleged Lotto was a game of chance.  *Id.* at ¶¶ 140-142.  Martin posted a video showing himself winning $13,000 on Lotto with the title "How To Win $13,000 in 5 Minutes (CS:GO Betting." *Id.* at ¶ 156.  Plaintiffs alleged that Martin owned Lotto and promoted "Lotto as a gambling service, including to minors."  *Id.* at ¶ 13.  Plaintiffs allege that Defendants profited and earned revenue from their illegal gambling scheme.  *Id.* at ¶¶ 10, 233-240.  Plaintiffs allege that Martin financially benefited from promoting gambling.  *Id.* at ¶¶ 153, 159.  Plaintiffs allege that the entire enterprise "is an illegal scheme designed to bypass state-by-state gambling laws."  *Id.* at ¶ 147.  Plaintiffs allege that these activities violated every state's illegal gambling statute and that Plaintiffs can recover for these losses.  *Id.* at ¶ 228 ("Specifically, Defendants' activities as described above violate the following statutes, which also allow Plaintiffs to recover for their gambling losses…").

Defendants do not argue that Lotto was a game of skill, argue that Martin did not promote gambling, or otherwise seek dismissal on the substance of Plaintiffs' gambling claims.  Rather, the focus is on the form.  But Plaintiffs have described the promotion and operation of illegal gambling by Martin and Lotto in detail, and alleged that conduct violated every state's statues. *Id.* at ¶ 228.  Martin and Lotto cannot point to a single state's law that allows the online gambling they offered and cannot point to any license to operate an online gambling website, and in fact do not even operate Lotto anymore.

The cases Defendants cite attacking Plaintiffs' pleading methods are factually distinguishable.  For instance, *Cohen v. Doe*, 2008 U.S. Dist. LEXIS 88390 (D. Colo. 2008), *Woodson v. IBM, Inc.*, 2007 U.S. Dist. LEXIS 89281 (N.D. Cal. 2007), *Beyer v. Moynihan*, 2010 U.S. Dist. LEXIS (D. Ore. 2010) all involve *pro se* plaintiffs who did not make any real factual allegations and simply listed statutes or generalized allegations.  That is not the case here.  As to

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 21

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

the specific statues Defendants cite, such as Arizona's civil racketeering statute, Plaintiffs have alleged concerted actions by Lotto, Valve and the other Defendants. *See* FAC at, e.g., ¶¶ 6, 10, 106, 107, 108, 110. These allegations are sufficient under Arizona's statute. Plaintiffs have alleged Martin and Lotto sought to profit from gambling activity other than as players, which is sufficient under Alabama law. *See* FAC at ¶¶ 10, 153, 159, 233-240.

In addition, Plaintiffs have alleged extensive facts that Defendants are proprietors under Washington law. Washington allows a right of action for restitution pursuant to RCW 4.24.070 for the money lost in gambling where the chips or tokens can be redeemed for cash or merchandise. *Kater v. Churchill Downs Incorporated*, 2015 WL 9839755 *3 (W.D. Wash 2015). Here, Skins can be redeemed for cash through Defendant OPSkins or merchandise through Valve's Steam Marketplace. FAC at ¶¶ 6, 14, 16, 118. Defendants do not even argue that they are *not* proprietors of a gambling website, and Plaintiffs repeatedly alleged that Lotto and Martin promoted and owned a gambling website. FAC at ¶¶ 10, 13, 107, 140, 142, 161, 162, 227. This is sufficient to allege they are "proprietors" under the ordinary and well-understood meaning of that word.

Finally, Plaintiffs are not seeking to enforce any criminal statutes, and are specifically bringing civil claims for monetary damages, gambling losses, disgorgement of ill-gained profits, and other civil, non-criminal remedies. *See, e.g.,* FAC at ¶¶ 227, 228, 231, 233-240, 291 at Prayer For Relief at pgs. 93-94. The few cases Defendants cite do not support their argument. For instance, *Schafer v. Citibank*, N.A., concerned plaintiffs' allegations that defendants improperly instituted a non-judicial foreclosure proceeding on their home. 2010 U.S. Dist. LEXIS 143833 (E.D. Va. Aug. 3, 2010), aff'd 447 Fed. Appx. 466 (4th Cir. Va. 2011). The court there did not address Va. Code Ann. § 11-15, the statute that actually provides the right of

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 22

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

recovery.  Nor does *Hannosh v. Segal*, 235 Ariz. 108 (Ariz. Ct. App. 2014) support Defendants' arguments.  *Hannosh* held that Arizona RICO allows a private cause of action for racketeering.  *Id.* at 110.  Moreover, the court concluded that if a gambler alleged that the gambling or gambling odds were rigged courts have noted that the gambler may be able to plead a RICO injury.  *Id.* at 113.  *Hannosh* merely found that because the gambler did not allege that the defendants manipulate the odds or rigged the gambling, plaintiffs did not allege injury under that statute.  *Id.* at 114.  Plaintiffs clearly allege that Lotto and Martin have rigged the chances of winning.  FAC at ¶¶ 158, 260, 261, 337, 338.  And addressed a private cause of action under the Parental Kidnaping Prevention Act of 1980 which had a mandate directed at state courts to respect the custody decrees of sister states.  *Thompson v. Thompson*, 484 U.S. 174, 187 (1988).  It simply does not apply to the claims here.

## 2.        Plaintiffs Have Properly Pled All Allegations Generally.

Plaintiffs have complied with their pleading burdens, and, as discussed above, included extensive detailed allegations, with citations, because of the unique nature of the claims here. "Rule 8 requires a complaint contain a short and plan statement" of a plaintiff's claims showing he or she is entitled to relief, the factual allegations supporting those claims, and the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a). And while the Ninth Circuit has affirmed dismissal on Rule 8 grounds where the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1986), to survive Lotto's motion to dismiss, a "a plaintiff must do more than recite the formulaic elements of a cause of action." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

Here, each cause of action asserted in the FAC is based on an online gambling system created through a video game.  To sufficiently inform the Court and Defendants of the basis for

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 23

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs' claims, "much more than basic fact pleading" is both necessary and appropriate. Contrary to Defendants' description of the First Amended Complaint as being drafted "in shotgun fashion," Plaintiffs' First Amended Complaint clearly, comprehensively and as succinctly as possible articulates the nature of the Defendants' enterprises, the ways in which they harmed Plaintiffs, and the specific causes of action asserted against each Defendant.  The Complaint clearly connects the facts alleged with the causes of action alleged and specifically identifies the particular Defendant against which each allegation is made.

### 3.      Plaintiffs Have Properly Pled Unjust Enrichment Claims.

Plaintiffs have properly pled unjust enrichment.  Unjust enrichment is an equitable theory that "invokes an implied contract when the parties either have no express contract or have abrogated it."  *Young v. Young*, 164 Wash.2d 477 481 (2008). "Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because other notions of fairness and justice require it." *Id*.  Plaintiffs make a separate claim for Unjust Enrichment.  FAC at ¶¶ 232-240.  Defendants incorrectly assert that Plaintiffs "cannot recover for unjust enrichment when it is based on the same conduct as other claims in a complaint." Lotto's Motion at 22.  Plaintiffs specifically describe the unjust conduct at issue and why the benefit to the Defendants is at Plaintiffs' detriment.  Plaintiffs seek recovery and disgorgement from the Defendants of their revenue and profits from their wrongful conduct, beyond merely gambling losses.  FAC at ¶¶ 236-240.  Plaintiffs have properly pled unjust enrichment.[9]

---

[9] Plaintiffs do not assert a claim for breach of contract against Lotto and Martin; however, "the mere existence of a contract does not automatically invalidate an unjust enrichment claim." *Vernon v. Qwest Communications Intern., Inc*. 643 F. Supp. 2d 1256, 1267 (W.D. Wash. 2009).

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 24

The cases cited by Defendants do not support their argument.  In *Phillips v. Double Down Interactive, LLC*, the Court did strike the plaintiff's unjust enrichment claim, but only because the other claims on which she based that count had already been stricken. 2016 WL 1169522 *9 (ND Ill. Mar. 25, 2016).  In *In re Clorox Consumer Litig.,* 2013 WL 3967334 *10 (ND Cal. July 31, 2013), the Plaintiffs simply declined to contest the motion.

### 4.        Plaintiffs Have Properly Pled RICO Claims Against Defendants.

Plaintiffs have sufficiently alleged RICO claims against Defendants.  Plaintiffs allege that Lotto, Martin, Cassell, Varga, Shuffle, Valve, OPSkins, and the Skins Gambling Websites combined to create an "association-in-fact" RICO enterprise under 18 U.S.C. § 1962(c).  FAC at ¶¶ 267-80.  But the combination of individual Defendants to create a distinct association does not mean that they cannot also be considered distinct persons for purposes of RICO. *See, e.g.*, *id.* ¶ 277 (Individual Defendants "each participated in the RICO enterprise, but also had an existence separate and distinct from the enterprise.")  To the contrary, "[l]ogically, one can associate with a group of which he is a member, with the member and the group remaining distinct entities." *River City Mkts., Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1461 (9th Cir. 1992) ("[W]e find nothing in our RICO case law which instructs that two contracting business entities cannot form an 'enterprise' for RICO purposes and still be named as individual RICO defendants[.]"); *Dooley v. Crab Boat Owners Ass'n,* 2004 U.S. Dist. LEXIS 7117 at * 17 (N.D. Cal. Apr. 26, 2004). *See also Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) ("The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status. And we can find nothing in the statute that requires more 'separateness' than that."). Indeed, "[a]ll the circuits that have considered the question have concluded that a plaintiff is free to name all

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 25

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

members of an association-in-fact enterprise as individual defendants." *River City Mkts., Inc.*, 960 F.2d at 1462. Therefore, Plaintiffs sufficiently plead the existence of two distinct RICO entities under 18 U.S.C. § 1962(c): a person and an enterprise.[10]

Plaintiffs have also adequately pled "a pattern of racketeering activity." 18 U.S.C. § 1962. Under RICO, a "pattern" constitutes "at least two acts of racketeering activity" occurring within ten years, 18 U.S.C. § 1961(5), while "racketeering activity" consists of certain "predicate acts"—*i.e.*, state and federal offenses—including, among others, "section 1955 (relating to the prohibition of illegal gambling businesses)," "section 1343 (relating to wire fraud)," and "section 1341 (relating to mail fraud)," 18 U.S.C. § 1961(1).    Plaintiffs have alleged "daily" violations of 18 U.S.C. § 1955. FAC ¶¶ 257, 259-66. Defendants' assertion that Plaintiffs' illegal gambling claim is deficient because Martin, Cassell, and Varga were players and bettors, and, as such, they do not count towards 18 U.S.C. § 1955's "five or more persons element" (Def. Br. 24-25), is flat-out wrong. *See* FAC ¶ 243 (Defendants' "illegal gambling businesses involve five or more persons who conduct, finance, manage, supervise, direct and/or own all or part of Valve, Lotto, Shuffle, the Skins Gambling Sites, and OPSkins, within the meaning of 18 U.S.C. § 1955."). In fact, *U.S. v. George*, which Defendants cite, actually supports Plaintiffs' position because the court found that "'Congress' intent was to include all those who participate in the operation of a gambling business, regardless [of] how minor their roles and whether or not they [are] labelled agents, runners, independent contractors or the like, and to *exclude only customers of the business*.'" 568 F.2d 1064, 1071 (4th Cir. 1978) (citations omitted). Here, Martin and Cassell are not solely customers, they own Lotto.

---

[10] Notably, Plaintiffs also pled a violation of 18 U.S.C. § 1962(a), *see, e.g.*, FAC ¶¶ 244, 256, which, as Defendants admit, does not require a distinct RICO person and enterprise. Lotto's Motion at 23.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 26

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs allege violations of mail and wire fraud statutes. Specifically, "Defendants' . . . racketeering activity . . . has lasted for *several years* beginning no later than January 1, 2013, and continuing to this day, and [has] consisted of *numerous and repeated* violations of 18 U.S.C. § 1955 [and] mail and wire fraud statutes . . . in violation of 18 U.S.C. §§ 1341 and 1343." FAC ¶ 281 (emphasis added).[11]  Plaintiffs' allegations of daily violations occurring over a period of more than three years are more than sufficient to survive Defendants' motion to dismiss. *See, e.g.*, *Breslin Realty Assocs. v. Park Invs., Ltd.*, No. 91-cv-1614 (TCP), 1991 WL 340576, at *2 (E.D.N.Y. Dec. 23, 1991) ("Here, the complaint alleges more than two instances of wire fraud by alleging that telephone calls were made 'almost every evening' . . . Therefore, the complaint specifically alleges that at least two predicate acts were committed by the defendants.").  In sum, Plaintiffs have met their burden of pleading RICO claims against Defendants.

### 5.      Plaintiffs Have Sufficiently Pled Fraud And Reliance.

Plaintiffs have properly pled fraud under the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  A pleading is sufficient under Rule 9(b) if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (citations and quotations omitted).  Rule 9(b)'s particularity requirement is "relaxed as to matters peculiarly

---

[11] Plaintiffs sufficiently allege that Defendants "devised and furthered their own schemes to defraud by use of the mail" and "transmitted, or caused to be transmitted, by means of mail . . . user fees and illegal gambling proceeds, writing(s) and/or signal(s), including their respective websites, statements to the press, and communications with other members of their respective RICO Enterprises, as well as the user fees and transactional costs of the illegal internet gambling activities, advertisements and other communications to the Plaintiffs and Class Members[.]" FAC ¶¶ 276(a), 276(b), 286 "Direct proof of mailing is not required. Evidence of routine custom and practice can be sufficient to support the inference that something is mailed. " *United States v. Green*, 745 F.2d 1205, 1208 (9th Cir. 1984) (internal citation omitted).

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

within the opposing party's knowledge," and "an exception exists where, as in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of the facts constituting the wrongdoing." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (citations and quotations omitted), *superseded by statute on other grounds*, Private Securities Litigation Reform Act, 15 U.S.C. § 78-u4; *see also Comerica Bank v. McDonald*, No. C06-03735 RMW, 2006 WL 3365599, at *2 (N.D. Cal. Nov. 17, 2006). Plaintiffs need not plead every specific instance of the fraud. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007).

Plaintiffs have satisfied their burden of putting Defendants on notice of the common law fraud claims brought against them. Fraud allegations must be accompanied by "the who, what, where, when, and how" of the defendants' fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs allege these elements: (1) ***Who***: Martin, Cassell and Lotto (2) ***What***: promoted Lotto by depicting themselves winning large sums of money on Lotto while intentionally concealing their ownership of Lotto, which induced Plaintiffs to play Lotto's illegal gambling games, (3) ***Where***: on YouTube and their globally-accessible website. (4) ***When***: between November 2, 2015 and July 4, 2016, through these YouTube videos and (5) ***How***: inducing Plaintiffs and Class members to gamble on Lotto through these videos. *See* FAC ¶¶ 13, 26-27, 154-58, 154-56, nn.47-49; 162, 164, 293-97.

Plaintiffs have also sufficiently alleged that "the defendant knew of [a] material fact and either misrepresented or concealed that fact to induce reliance by the plaintiff." *Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016). The Ninth Circuit recognizes a presumption of reliance when there is a showing that a misrepresentation was material. *Block v. eBay, Inc.*, 747 F.3d 1135, 1140 (9th Cir. 2014). "A misrepresentation is material if 'a reasonable [person] would

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 28

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

attach importance to its existence or nonexistence in determining his choice of action in the transaction in question.'" *Id.* (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 977, 64 Cal.Rptr.2d 843 (1997)). Plaintiffs allege that Martin knowingly failed to disclose his ownership interest in Lotto by advertising Lotto as a "new" website that he "found" through a friend. FAC ¶ 155 n.48. Martin promoted and advertised Lotto to millions of viewers by depicting himself winning Lotto contests and reacting euphorically. FAC ¶¶ 156-57. Martin showed himself winning $13,000 in a matter of minutes but made no reference to his ownership of the site or his ability to fix the outcome of competitions, which casts reasonable doubt on the validity of his wins and the chances for Plaintiffs and viewers to accomplish the same thing. *Id.* Accordingly, Plaintiffs demonstrated materiality by pleading that but for Defendants' concealment of material facts, they would not have played Defendants' gambling games. FAC ¶¶ 164, 297. These allegations support a reasonable inference that Plaintiffs relied upon Defendants' material misrepresentations and omissions.

Plaintiffs also adequately pled fraud and conspiracy under the RICO statute by "identifying the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quotations, brackets and citation omitted). There is no requirement that the complaint identify false statements made by each and every defendant, since each conspirator may be performing different tasks to bring about the desired result. *Id.* at 764.

### 6. Plaintiffs Have Properly Alleged Consumer Protection Violations Against Martin and Lotto.

Plaintiffs pled facts supporting not only a Washington CPA claim under RCW 19.86 *et seq.,* but also to the consumer protection statutes of all the other states. The Washington Plaintiffs may bring claims against Lotto under the Washington CPA. *See State v. Reader's Digest Ass'n,*

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 29

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Inc.*, 81 Wn.2d 259, 276, 501 P.2d 290, 302 (1972), *holding modified on other grounds by Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (1986) ("[T]he performance of an unfair trade practice in this state by a foreign corporation which has no agents, employees, offices or other property in the state is a sufficient contact to establish jurisdiction…"). This application of the Washington CPA furthers the statute's general purpose "to protect the public and foster fair and honest competition," RCW 19.86.920, as well as the requirement that courts liberally construe the CPA.  *See, e.g., Thornell v. Seattle Serv. Bureau, Inc.*, 184 Wn.2d 793, 801, 363 P.3d 587 (2015).

Plaintiffs have sufficiently alleged a violation of the Washington CPA: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) impacting the public interest, (4) injury to the plaintiff's business or property, and (5) causation.  *Hangman Ridge Training Stables, Inc.,* 105 Wn.2d at 780.  Lotto and Martin's acts were unfair.  They intentionally created an illegal gambling site and marketed it towards people under age 18 who are too young to legally gamble in such a manner in any state.  Complaint at ¶¶ 268-69; *see e.g.* RCW 9.46.228.  Courts consider "unfair" and "deceptive" conduct separately, as "an act or practice can be unfair without being deceptive*." Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013). The Washington CPA does not define "unfair," leaving courts to permit the definition "to evolve through a gradual process of judicial inclusion and exclusion." *Rush v. Blackburn*, 190 Wn. App. 945, 962, 361 P.3d 217 (2015) (quoting *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 344, 779 P.2d 249 (1989)).  In *Magney v. Lincoln Mut. Sav. Bank*, the court examined three criteria for determining unfairness: first whether the practice, irrespective of its unlawfulness, "offends public policy… in other words, whether… it is within at least the penumbra of some common law, statutory, or other established concept of unfairness." 34 Wn. App. 45, 57, 659 P.2d 537

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 30

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

(1983). Second, whether the practice is "immoral, unethical, oppressive, or unscrupulous…" *Magney*, 34 Wn. App. at 57. And third, whether the practice "causes substantial injury to consumers…" *Id.* Here, illegal gambling clearly offends public policy; the statute states in its very first sentence that Washington's "public policy" on gambling is "to promote the social welfare of the people by limiting the nature and scope of gambling activities and by strict regulation and control." RCW 9.46.010. Gambling is a highly regulated field in Washington because of the legislature's desire to "safeguard the public against the evils" of illegal gambling. *Id.*

Lotto and Martin's acts were also deceptive. A deceptive act or practice includes a defendant who "misrepresents something of material importance." *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 166, 159 P.3d 10 (2007). Whether an act or practice is deceptive presents a question of law. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 47, 204 P.3d 885 (2009). A plaintiff need not show that the defendant intended to deceive, "only that it [the act or practice] had the capacity to deceive a substantial portion of the public." *Panag,* 166 at 47. A plaintiff may show causation by establishing that, but for the defendant's unfair or deceptive act or practice, he or she "would not have suffered an injury." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 83, 170 P.3d 10 (2007).

Lotto and Martin engaged in deceptive acts when they intentionally misled the Plaintiffs and potential class members by misrepresenting Martin's ownership interest in Lotto. FAC at ¶¶ 162, 294-95. Martin's videos induced Plaintiffs and potential class members to rely on Martin's misrepresentations, participate in Skins gambling on Lotto, and lose money. *Id.* at ¶¶ 28-79, 156, 216, 293, 300. In other words, but for Martin and Lotto's deceptive acts and practices, the Plaintiffs would not have suffered an injury.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 31

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiffs' allegations are sufficient under every state consumer protection statute. Legislatures across the country promulgated consumer protection laws for the same purpose as Washington: "to protect United States citizens against unfair trade practices" such as those in which Martin and Lotto engaged. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 783, 719 P.2d 531 (1986).  Although some differences exist among states, the unifying purpose, and the fact that the states "generally modeled [their consumer protection statutes] after section 5 of the Federal Trade Commission Act," resulted in substantially similar laws with only peripheral differences. *Id*. at 783.

In the course of examining the consumer protection laws of 44 other states, the Ninth Circuit identified two of the main differences between the various states' consumer protection statutes: a scienter requirement and a reliance requirement.  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 590–91 (9th Cir. 2012).  Courts handle these peripheral difference by permitting "a consumer protection class action [to] proceed under the laws of multiple states…" *Gitson v. Trader Joe's Co.*, 63 F. Supp. 3d 1114, 1116 (N.D. Cal. 2014). Although Plaintiffs "will bear… the burden of demonstrating a suitable and realistic plan for trial of the class claims" based on different state laws at the class certification stage, at this stage in the case they need only show "that it is plausible that they could do so."[12]  *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1189 (9th Cir. 2001) (internal citation omitted; alteration in original).

Here, Plaintiffs have sufficiently alleged both scienter and reliance. Martin knew and even publicly admitted that his actions were "misleading to viewers and something I very much

---

[12] As courts typically address those differences simply with "subclasses for class members in different states, with different jury instruction for materially different bodies of state law," Plaintiffs can plausibly try class claims based on the various CPA statutes here. *Gitson v. Trader Joe's Co.*, 63 F. Supp. 3d 1114, 1116 (N.D. Cal. 2014) (quoting *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581, 595 (9th Cir. 2012)).

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 32

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

regret." FAC at ¶ 162.  Plaintiffs alleged that Lotto and Martin "knowingly created and conducted illegal gambling activities" and "willfully failed to disclose" Martin's ownership interest in Lotto. *Id.* at ¶¶ 268-69, 295. Similarly, the Plaintiffs specifically alleged that they and the proposed class "acted in reliance on the false, material representations and omissions made by Lotto, Cassell, and Martin…" and that they "would not have spent money on Skins in response to the online videos published by Martin… if they had known of the ownership interest…" Complaint at ¶¶ 296-97.  Thus, Plaintiffs' allegations are sufficient at this stage.

### 7. New Jersey Plaintiffs' Have Sufficiently Alleged A Violation of the New Jersey TCCWNA.

The New Jersey Subclass has adequately pled claims under Sections 15 and 16 of the TCCWNA.  Plaintiffs repeatedly and adequately alleged that Defendants offered gambling services to Plaintiffs who were consumers. Similarly, Plaintiffs allege that Defendants displayed, offered into, and purported to bind Plaintiffs to the Terms of Service - including an indemnity clause - on its website.  FAC at ¶¶ 318, 324.

Section 15 of the TCCWNA prohibits businesses from offering or entering into contracts in consumer transactions which contain provisions that violate any clearly established legal right of a consumer or responsibility of a seller or lessor. *See N.J.S.A.* 56:12-15. A person who violates the TCCWNA "shall be liable for a civil penalty or not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." *N.J.S.A.* 56:12-17. With regard to Defendants' purported waiver of liability, a broad exculpatory provision, designed to hold Defendants harmless for "most losses incurred by consumers, except those that are the direct result of [Defendant's] fraud or willful conduct...is the kind of provision that TCCWNA was designed to address." *Martinez-Santiago v. Public*

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 33

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Storage*, 38 F. Supp. 3d 500, 515 (D.N.J. 2014).   These clauses "go to the heart of the TCCWNA." *Castro v. Sovran Self Storage, Inc.,* 114 F. Supp. 3d 204, 215-16 (D.N.J. 2015).   Defendants' clause not only explicitly waives negligence claims, but also waives all other claims, in violation of New Jersey law and therefore violates the TCCWNA.

New Jersey law is emphatic in denouncing indemnification agreements which include indemnification for intentional acts. *Ambassador Ins. Co. v. Montes,* 76 N.J. 477, 483 (1977). The courts in both *Martinez Santiago* and *Castro* found overbroad indemnification agreements adequately formed the basis for a TCCWNA claim. *Martinez-Santiago supra* 38 F. Supp. 3d at 516; *Castro, supra* 114 F. Supp. 3d at 214-216.   Defendants' indemnification agreement impermissibly and vaguely declares that consumers are required to indemnify Defendants from all suits, regardless of the cause – including claims arising out of Defendants' own negligence or intentional acts, in violation of the TCCWNA.

Finally, Defendants Terms of Service purport to waive consumers' right to "ANY DIRECT, INDIRECT, SPECIAL, INCIDENTAL, CONSEQUENTIAL OR PUNITIVE DAMAGES."   The Third Circuit has clearly held that clauses preventing the recovery of damages mandated by the CFA adequately state a claim under the TCCWNA. *Johnson v. Wynn's Extended Care, Inc.*, 635 Fed. App'x. 59, 61 (3rd Cir. 2015).   The Terms of Service displayed by Defendants and purporting to bind consumers violate Section 15 by waiving consumers' right to sue, requiring consumers to indemnify Defendants, and waiving consumer's right to punitive damages.

Section 16 of the TCCWNA provides "No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are not void, unenforceable or inapplicable within the State

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO, INC. AND TREVOR MARTIN'S MOTION TO DISMISS (16-cv-01227) - 34

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

of New Jersey." *N.J.S.A.* 56:12-16. The First Amended Complaint encompasses claims from individuals residing in twenty six separate states. FAC at ¶¶ 28-72. Plaintiffs have alleged that Defendants displayed, and utilized the same terms of service for all users, including those identified in the complaint. Yet Defendant argues that "there is no allegation that Lotto used a consumer contract in multiple jurisdictions." Lotto's Motion at 28. Such an assertion is baffling, and clearly misstates the allegations contained in Plaintiffs' First Amended Complaint.

Lotto's agreement, under the subheading "Waiver and Severability" provides "If any provision of these Terms of Use is held by a court or other tribunal of competent jurisdiction to be invalid, illegal or unenforceable for any reason, such provision shall be eliminated to the minimum extent such that the remaining provisions of the Terms of Use will continue in full force and effect." A clause may violate *N.J.S.A.* 56:12-16 by "imply[ing] that they may be invalid in New Jersey by stating that they operate only to the extent of the applicable law[.]" *Gomes v. Extra Space Storage, Inc.*, 2015 U.S. Dist. LEXIS 41512, *19-20 (D.N.J. 2015). Defendants' severability provision clearly fails to conform to New Jersey law and Plaintiffs have adequately pled a cause of action for a violation Section 16 of the TCCWNA.

## V.  **CONCLUSION**

What Valve, Lotto, Martin and the other members of the enterprise have done here is unconscionable and Plaintiffs' allegations are sufficient as a matter of law to move forward into litigation. In the alternative, to the extent any facts or allegations can be burnished or expanded upon through an amended pleading, Plaintiffs respectfully request leave to amend to address any shortcomings the Court finds.

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 35

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

DATED this 19th day of September, 2016.

2

By: */s/ Kim D. Stephens, P.S.*
By: */s/ Jason T. Dennett*

3

Kim D. Stephens, WSBA #11984
Email: KStephens@tousley.com

4

Jason T. Dennett, WSBA #30686
Email: jdennett@tousley.com

5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200

6

Seattle, WA 98101
Tel:  (206) 682-5600

7

Fax: (206) 682-2992

8

Jasper D. Ward (*admitted pro hac vice*)
Alex C. Davis

9

Patrick Walsh
**JONES WARD PLC**

10

Marion E. Taylor Building
312 S. Fourth Street, Sixth Floor

11

Louisville, Kentucky 40202
Tel. (502) 882-6000

12

Fax (502) 587-2007
jasper@jonesward.com

13

alex@jonesward.com
patrick@jonesward.com

14

Paul C. Whalen (PW1300)

15

**LAW OFFICE OF PAUL C. WHALEN, P.C.**

16

768 Plandome Road
Manhasset, NY 11030

17

Tel. (516) 426-6870
Fax (212) 658-9685

18

pcwhalen@gmail.com

19

20

21

22

23

24

25

26

D. Todd Mathews, 163104
**Gori Julian & Associates, P.C.**
Attorneys at Law
156 N. Main St.
Edwardsville, IL  62025
Tel. (618) 659-9833
Fax (618) 659-9834
todd@gorijulianlaw.com

Neal L. Moskow, Esq.
Fed. Bar. No. CT 04516
**Ury & Moskow, L.L.C.**
883 Black Rock Turnpike
Fairfield, CT 06825
Telephone (203) 610-6393
Facsimile: (203) 610-6399
neal@urymoskow.com

John A. Yanchunis, FBN: 0324681
**MORGAN & MORGAN**
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
jyanchunis@forthepeople.com

Kevin S. Hannon
**The Hannon Law Firm, LLC**
1641 Downing Street
Denver, Colorado 80218
303-861-8800
khannon@hannonlaw.com
www.hannonlaw.com

Melissa R. Emert
Patrick K. Slyne
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Tel. (212) 687-7230
Fax (212) 490-2022
memert@ssbny.com
pkslyne@ssbny.com

Corey D. Sullivan
**SULLIVAN LAW LLC**
1814 E Eagle Bay Drive
Bloomington, IN 47401
corey@druginjurylegal.com
Phone: (314) 971-9353

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 37

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Casey Flynn
**Law Office of Francis J. Flynn, Jr.**
6220 West Third Street, #415
Los Angeles, CA 90036
francisflynn@gmail.com

Andrew P. Bell
Alfred M. Anthony
James A. Barry
**LOCKS LAW FIRM LLC**
801 N. Kings Highway
Cherry Hill, NJ 08034
Tel: (856)663-8200
Fax: (856)661-8400
abell@lockslaw.com
aanthony@lockslaw.com
jbarry@lockslaw.com

JEAN SUTTON MARTIN
North Carolina Bar Number 25703
**Law Office of Jean Sutton Martin PLLC**
2018 Eastwood Road Suite 225
Wilmington, NC 28403
Telephone: (910) 292-6676
Email: jean@jsmlawoffice.com

Diandra "Fu" Debrosse Zimmermann
**ZARZAUR MUJUMDAR DEBROSSE**
2332 2nd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 983-7985
fuli@zarzaur.com
www.zarzaur.com

Anthony S. Bruning
Anthony S. Bruning Jr.
Ryan Bruning
**THE BRUNING LAW FIRM**
555 Washington Ave, Suite 600
St. Louis, MO 63101
Tel: (314) 735-8100
Fax: (314) 735-8020
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 38

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Richard S. Cornfeld
**LAW OFFICE OF RICHARD S.
CORNFELD**
1010 Market Street, Suite 1720
St. Louis, MO 63101
Tel: (314) 241-5799
Fax: (314) 241-5788
rcornfeld@cornfeldlegal.com

Robert Ahdoot
Tina Wolfson
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585
rahdoot@ahdootwolfson.com
twolfson@ahdootwolfson.com

Hunter J. Shkolnik
Salvatore C. Badala
**NAPOLI SHKOLNIK PLLC**
1301 Avenue of the Americas, 10th Floor
New York, New York 10019
(212) 397-1000
hunter@napolilaw.com
SBadala@napolilaw.com

Daniel C. Girard
Adam E. Polk
Jordan Elias
Esfand Y. Nafisi
Simon S. Grille
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
sg@girardgibbs.com
aep@girardgibbs.com
eyn@girardgibbs.com
je@girardgibbs.com
dcg@girardgibbs.com

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED at Seattle, Washington, this 19th day of September, 2016.

/s/ *Kim D. Stephens P.S.*
Kim D. Stephens, WSBA #11984
Email: kstephens@tousley.com
Attorneys for Plaintiffs
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Tel:     206.682.5600
Fax:    206.682.2992

PLAINTIFFS' RESPONSE TO DEFENDANTS CSGO LOTTO,
INC. AND TREVOR MARTIN'S MOTION TO DISMISS
(16-cv-01227) - 40

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992