THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Michael John McLeod, *et al.*,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Valve Corporation, *et al.*,<br><br>        Defendants. | Case No. 2:16-cv-01227-JCC<br><br>**DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>**NOTE ON MOTION CALENDAR:**<br>**November 4, 2016** |

Defendants, CSGO LOTTO, INC., and TREVOR A. MARTIN, file this Reply to Plaintiffs' Response in Opposition of Defendants' Motion for Attorneys' Fees, and state as follows:

**I.    INTRODUCTION**

This court has discretion to award reasonable attorneys' fees to a prevailing out-of-state defendant who has been hailed into a Washington court under Washington's long-arm statute. Wash. Rev. Code Ann. § 4.28.185(5); *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 786 P.2d 265, 267 (Wash. 1990) ("*Fetzer I*"). Plaintiffs do not dispute that Defendants prevailed in this action for purposes of the long-arm statute when this court granted Defendants' motion to dismiss and dismissed all of Plaintiffs' claims, with prejudice, for lack of subject-

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 1
Case No. 2:16-CV-01227-JCC

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

1    matter jurisdiction. *See generally* Dkt. 38. Nor do Plaintiffs argue that Defendants' fee

2    request of $11,970.17, which represents a mere fraction of the total fees expended in

3    defending and prevailing in this suit, was an unreasonable fee in light of the complexity of

4    this case and the procedural issues at hand, or the prevailing market rate for complex civil

5    litigation. *See generally* Dkt. 41.

6          Rather, Plaintiffs assert that a fee award is simply inappropriate under the

7    circumstances for two primary reasons: (1) there is some evidence that the Washington

8    Attorney General *may* pursue criminal charges against Defendant Valve, allegedly based on

9    the same facts at issue in this lawsuit and (2) Lotto and Martin "conducted their business on

10   Valve's servers" in Washington and "agreed to resolve any disputes with Valve in

11   Washington," ostensibly giving rise to this court's personal jurisdiction over Defendants.

12   Neither of these reasons has any relevance to this court's decision of whether to grant

13   Defendants' fee request, and this court should disregard them. As prevailing out-of-state

14   Defendants in this case, Lotto and Martin are subject to the Washington long-arm statute, and

15   this court, in its discretion, may award them the $11,970.17 in legal fees expended on

16   researching, developing, and preparing the arguments that led to the dismissal of this case.

17   **II.     ARGUMENT**

18       **A.     Whether This Court Has Personal Jurisdiction over Lotto and Martin is
             Irrelevant to the Attorneys' Fees Request Before the Court.**

19

20         In their response to Defendants' motion, Plaintiffs concede that, although the fee

21   provision at issue is found in Washington's long-arm statute, Washington courts have in no

22   way limited fee awards to a finding of a lack of personal jurisdiction. *See* Dkt. 43, at p.1. As

23   pointed out by Defendants in their motion, numerous Washington courts have found that

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 2
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

RCW 4.28.185 does not limit an attorneys' fee recovery to personal jurisdiction dismissals. *See, e.g.*, *Perkumpulan Inv'r Crisis Ctr. Dressel--WBG v. Wong*, No. C09-1786-JCC, 2014 WL 3738629, *3 (W.D. Wash. July 29, 2014) (finding that the text of Section 4.28.185 does not limit an attorneys' fee recovery to only those situations where the court enters a personal jurisdiction dismissal) (Coughenour, J.). Courts have also specifically applied RCW 4.28.185 to dismissals based on a lack of subject-matter jurisdiction, as here. *See, e.g.*, *McGinley v. Magone Marine Serv., Inc.*, No. C13- 1678JLR, 2013 WL 6230422, *3 (W.D. Wash. Dec. 2, 2013) (citing *Fetzer I* for the proposition that "an award of attorney's fees is appropriate under RCW 4.28.185 when an out of state defendant prevails on a motion to dismiss for lack of subject matter jurisdiction").

Despite this clear precedent, Plaintiffs focus much of their response to Defendants' motion on attempting to resurrect their prior arguments that this court has personal jurisdiction over Defendants, and arguing that awarding fees under the long-arm statue is therefore impermissible. How this court might have ruled on Defendants' personal-jurisdiction arguments is not only pure conjecture, it is also completely irrelevant to the fee issue before the court. Plaintiffs do not direct this court to *any* authority that a finding of a lack of personal jurisdiction is a prerequisite for recovering attorneys' fees under RCW 4.28.185. Nor could they in light of the aforementioned precedent. The only requirements for the application of the fee provision is that the foreign defendant prevailed in the action and the asserted basis of personal jurisdiction over that defendant was the long-arm statute, neither of which Plaintiffs dispute. *See* Wash. Rev. Code Ann. § 4.28.185(5).

Moreover, even if Plaintiffs' personal-jurisdiction arguments were relevant, they would still be disregarded by this court as unsubstantiated, self-serving assertions. As

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 3
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

1  previously explained to this court, none of Lotto's games occurred on any computer servers

2  owned, operated, or controlled by Valve.  *See* Dkt. 35, at pp. 8–9, Martin. Supp. Decl. at ¶ 8.

3  All games and the underlying computer code that determined the results of these games

4  occurred on servers hosted by Heroku, CSGO's cloud service provider, which is, to the best

5  of Martin's knowledge, located in California.  *Id.*  Lotto has never had any affiliation with

6  Valve's computer servers and has no knowledge as to the physical location of such servers,

7  including whether such servers are located in the State of Washington.[1]  *Id.* at ¶ 9.  All of this

8  evidence remains unrebutted by Plaintiffs.

9       Nor is there any merit to Defendants' argument that a forum-selection clause

10 allegedly executed between Valve and Lotto and Martin demonstrates personal jurisdiction

11 over Defendants here.  Valve *did not sue* Lotto and Martin.  Lotto and Martin *did not sue*

12 Valve.  Whether Defendants could be hailed into a Washington court in such circumstances

13 is beside the point.

14      This court should similarly disregard Plaintiffs' related arguments that had the court

15 not dismissed their state-law claims with prejudice, Washington's long-arm statute would

16 have given rise to personal jurisdiction over Lotto and Martin in Washington state court.

17 Plaintiffs have never been able to identify any affirmative contact with Washington that was

18 initiated by Lotto and Martin that could possibly give rise to personal jurisdiction.  *See*

19 *generally* Dkt. 31.

---

[1] It is worth noting that Plaintiffs also have no knowledge as to the physical location of Valve's servers as well, even though their opposition papers state otherwise.  See Dkt. 43, at p. 2.  Plaintiffs did not allege in the complaint that these servers are located in the State of Washington, they merely assume that they must be because Valve is headquartered in Washington.  *See generally* Dkt. 11, at ¶ 16.

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 4
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

1	Moreover, it is unlikely that a state court in Washington would find any Plaintiff in
2	this action to have standing to sue Lotto and Martin for illegal gambling under Washington
3	state law.  Of the fifty-two Plaintiffs in this lawsuit alleging to have played and lost on
4	Lotto's website, only two are Washington residents.  *See* Dkt. 20 at pp. 2–4.  To reiterate,
5	Lotto searched more than 1.5 *million* documents that it collected from its custodians, and did
6	not locate a single record containing the email address or usernames of these two Washington
7	Plaintiffs, which would have been used to play games on Lotto's website.  *See* Dkt. 34 at p.
8	2.  Plaintiffs never challenged this evidence, and noticeably, it remains uncontroverted.  *See*
9	*generally* Dkt. 31; Dkt. 43.  The only rational conclusion to be drawn from these facts is that
10	these Washington Plaintiffs made patently false allegations against Lotto and Martin in an
11	attempt to drum up standing to join this lawsuit.  In summary, without any meaningful
12	affirmative contacts with Washington and without the identification of a single Washington-
13	based Plaintiff who has ever played Lotto, it is exceedingly unlikely that Lotto and Martin
14	could be sued in a Washington state court, at all.

15	**B.	Possible Future Actions of the Washington Attorney General Against Defendant Valve Have No Bearing on Whether to Award Attorneys' Fees**
16	**to Lotto and Martin as Prevailing Defendants in this Action.**

17	Plaintiffs repeatedly reference recent actions by the Washington Attorney General
18	and State Gambling Commission towards Defendant Valve in their response in opposition to
19	Defendants' motion.  *See generally* Dkt. 43.  According to Plaintiffs, the "Washington State
20	Gambling Commission recently sent a cease and desist letter to Valve" and the Washington
21	Attorney General recently announced an intent to pursue criminal charges against Defendant
22	Valve, based on the same facts at issue in this lawsuit.  Dkt. 43 at pp. 3, 5.  According to
23	

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 5
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

Plaintiffs, these facts somehow translate to a compelling reason to deny Lotto's and Martin's request for attorney's fees.

It goes without saying that this is not a motion for attorneys' fees by Defendant Valve.  And it is perplexing how Defendant Valve's potential *criminal* liability would have any bearing whatsoever on whether Plaintiffs had a good faith basis to assert a *civil* private right of action against Lotto and Martin in a Washington forum.  In fact, although Plaintiffs included many state criminal gambling statutes in their list of statutory civil violations in their complaint against Lotto and Martin and the other Defendants, many states do not even allow a private right of action, and those that do, vary greatly in terms of the facts and elements required for each claim.  *See generally* Dkt. 33, at p. 14.  Plaintiffs do not demonstrate how a potential future criminal action against Defendant Valve proves the non-frivolous nature of Plaintiffs' civil claims against Lotto and Martin, particularly where Plaintiffs have effectively conceded that the alleged Washington Plaintiffs made patently false allegations to this court in the complaint.

      **C.**      **A Fee Award in this Case Advances the Key Purposes of the Long-Arm Statute.**

One of the key purposes of the long-arm statute is "to prevent plaintiffs from invoking Washington's long-arm statute as a means to harass foreign defendants." *Fetzer I*, 786 P.2d at 272 & n. 6.  This is precisely what happened here.  After filing *three* previous and identical class-action lawsuits in other federal courts across the country, Plaintiffs voluntarily dismissed these suits and filed this case in Washington, more than 3,000 miles from Lotto's and Martin's Florida domicile.  To do so, Plaintiffs relied on Washington's long-arm statute as a basis of jurisdiction over the out-of-state Defendants, including Lotto

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 6
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

1   and Martin, *see* Dkt. 11 at p. 26, at ¶ 82, fabricated claims by two Washington Plaintiffs

2   against Lotto and Martin, *see* Dkt. 34, at p. 2, and asserted a frivolous RICO claim in an

3   attempt to hail Defendants into federal court. *See generally* Dkt. 38, at pp. 15–18.  In the

4   end, Plaintiffs' *fourth* lawsuit was dismissed with prejudice for lack of subject-matter

5   jurisdiction. *See generally* Dkt. 38, at pp. 15–18 (dismissing Plaintiffs' RICO claim with

6   prejudice for lack of a cognizable injury to injury or property to give rise to a cognizable

7   RICO violation).  It is certainly within this court's discretion to find that Plaintiffs harassed

8   Lotto and Martin by filing numerous lawsuits in courts across the country, only to finally hail

9   Lotto and Martin into a federal court as far from their domicile as possible within the

10  continental United States.

11         The other primary purpose behind the long-arm statute's fee provision is "to

12  compensate defendants for the added expense caused them by plaintiffs' assertions of long-

13  arm jurisdiction." *Fetzer I*, 786 P.2d at 272.  Plaintiffs argue that the only added expense for

14  which Lotto and Martin should be able to recover fees is the undersigned's *pro hac vice*

15  applications, totaling approximately $594.50 in fees. *See* Dkt. 43, at p. 8.  This argument

16  misses the mark entirely.  The undersigned spent approximately 90.1 hours defending this

17  suit in order to obtain a successful dismissal of Plaintiffs' claims. *See* Decl. of Coleman W.

18  Watson, Esq. at ¶¶ 6, 8, 9.  In recognition of the principle that Defendant is only permitted to

19  recover those fees associated with obtaining the jurisdictional dismissal, the undersigned

20  reduced his fee request dramatically to approximate the amount of time spent on the

21  arguments for jurisdictional dismissal:  31.77 hours. *Id.* at ¶ 9; *see also generally* Dkt. 38.

22  Even though the court did not reach Defendants' arguments with respect to personal

23  jurisdiction, Plaintiffs' choice to litigate this case in a Washington forum demanded that

**DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 7**
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

1   Lotto and Martin also address the dearth of minimum contacts between these Defendants and

2   the forum state and to advance a challenge to personal jurisdiction.  Lotto and Martin may

3   not have ultimately obtained a dismissal based on these arguments, but there was an

4   undeniable and significant added "litigative burden" imposed on Defendants due to

5   Plaintiffs' choice of a Washington forum.

6       In summary, both of the policies underlying the long-arm statute's fee provision are

7   advanced by an award of fees in this case.  The court has in its possession a declaration and

8   attached exhibit of the relevant fee records in support of Defendants' request for a fraction of

9   the fees expended in defending and prevailing in this suit.  The court has discretion to award

10  such fees in this case, and Plaintiffs have failed to identify any basis for depriving the court

11  of such discretion.

12      **WHEREFORE,** for the reasons stated in their motion and this reply, Defendants,

13  CSGO LOTTO, INC. and TREVOR A. MARTIN, respectfully request the entry of an order

14  that Lotto and Martin shall recover, jointly and severally, from Plaintiffs the amount of

15  $11,970.17, pursuant to Wash. Rev. Code Ann. § 4.28.185(5), for the reasonable attorneys'

16  fees they incurred in this proceeding in obtaining a jurisdictional dismissal against Plaintiffs.

17

18  **DATED** this 4th day of November, 2016.

19                     **WATSON LLP**

20

21                     */s/ Coleman Watson*
                   Coleman Watson, Florida Bar #0087288
                   Admitted *Pro Hac Vice*

22                     121 South Orange Avenue, Suite 1500
                   Orlando, FL 32801

23                     Tel.: (407) 377-6634

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 8
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

1  Fax: (407) 377-6688
   Email: coleman@watsonllp.com
2

3  **AKW LAW PLLC**

4

5  */s/ Ada Wong*
   Ada K. Wong, WSBA #45936
   6100 219th St. SW, Suite 480
6  Mountlake Terrace, WA 98043
   Tel.: (206) 886-7886
7  Fax: (855) 925-9529
   Email: ada@akwlawpllc.com
8
   *Attorneys for Defendants,*
9  CSGO LOTTO, INC. and
   TREVOR A. MARTIN

**DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 9**
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2016, pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to the following:

**Jason T. Dennett, Esq.**
**Kim D. Stephens, Esq.**
TOUSLEY BRAIN STEPHENS
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
jdennett@tousley.com
kstephens@tousley.com
*Attorneys for Plaintiffs*

**Jasper D. Ward, IV, Esq.**
JONES WARD PLC
312 S. 4th Street, 6th Floor
Louisville, KY 40202
jasper@jonesward.com
*Attorneys for Plaintiffs*

**Paul C. Whalen, Esq.**
LAW OFFICE OF PAUL C. WHALEN, P.C.
768 Plandome Road
Manhasset, NY 11030
pcwhalen@gmail.com
*Attorney for Plaintiffs*

**Gavin Skok, Esq.**
**James Harlan Wendell, Esq.**
**Shata L. Stucky, Esq.**
RIDDELL WILLIAMS
1001 4th Avenue Plaza, Suite 4500
Seattle, WA 98154
gskok@riddellwilliams.com
jwendell@riddellwilliams.com
sstucky@riddellwilliams.com
*Attorneys for Defendant Valve Corporation*

**Charles B. Casper, Esq.**
MONTGOMERY MCCRACKEN WALKER & RHOADS
123 S Broad Street, 24th Floor
Philadelphia, PA 19109

DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S
REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 10
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688

1  ccasper@mmwr.com
   *Attorneys for Defendant Valve Corporation*

2

3  **Paul E. Fogarty, Esq.**
   FOGARTY LAW GROUP, PLLC
   705 Second Avenue, Suite 1050
4  Seattle, WA 98104
   pfogarty@fogartylawgroup.com
5  *Attorneys for Defendants James Varga and Phantoml0rd, Inc.*

6

7                                    */s/ Coleman Watson*
                                     Coleman  W. Watson, Esq.

**DEFENDANTS CSGO LOTTO, INC.'S AND TREVOR A. MARTIN'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES - 11**
Case No. 2:16-CV-01227-JCC

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel. (407) 377-6634 / Fax (407) 377-6688