THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL JOHN MCLEOD, *et al.*,

Plaintiffs,

v.

VALVE CORPORATION, *et al.*,

Defendants.

CASE NO. C16-1227 JCC

ORDER DENYING DEFENDANTS'
MOTION FOR ATTORNEY FEES

15   This matter comes before the Court on Defendants CSGO Lotto, Inc. and Trevor A.

16  Martin's motion for attorney fees (Dkt. No. 41). Having thoroughly considered the parties'

17  briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES

18  the motion for the reasons explained herein.

19  **I.    BACKGROUND**

20        Plaintiffs filed a complaint alleging that Defendant Valve Corporation, through its video

21  game *Counter Strike Global Offensive* (CSGO), "allowed an illegal online gambling market"

22  through "its Steam platform." (Dkt. No. 11 at ¶¶ 3, 21.)  Plaintiffs alleged that Mr. Martin, a

23  Defendant and the owner of CSGO Lotto, "actively promote[d] Lotto as a gambling service"

24  through his YouTube channel, which "generate[d] excitement." (*Id.* at ¶¶ 13, 26, 153.)  The

25  amended complaint alleged ten different statutory and common law violations, some including

26  dozens of individual state law violations, but contained only one federal claim: violations of the

Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. (*Id.* at 66.)

Defendants CSGO Lotto and Mr. Martin, both Florida residents, filed a motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b) for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. (Dkt. No. 19.) The Court dismissed the RICO claim with prejudice for failure to state a claim upon which relief could be granted and declined to exercise supplemental jurisdiction over the remaining state law claims. (Dkt. No. 38.) CSGO Lotto and Mr. Martin now move for attorney fees expended defending this lawsuit. (Dkt. No. 41.)

## II.   DISCUSSION

Pursuant to Washington Revised Code section 4.28.185(5),

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

Courts regularly explain the rule as authorizing a fee award for a party who "prevails" by obtaining a jurisdictional dismissal. *See Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 786 P.2d 265, 267–68 (Wash. 1990) (*Fetzer I*). One purpose of the statute is to "compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction." *Id.* at 272. Other purposes of the statute include encouraging the full exercise of state jurisdiction and preventing plaintiffs from harassing defendants by hauling them into Washington courts based on frivolous jurisdictional grounds. *See Scott Fetzer Co. v. Weeks*, 859 P.2d 1210, 1215 (Wash. 1993) (*Fetzer II*); *Fetzer I*, 786 P.2d at 272 n.6. The Ninth Circuit has recognized in an unpublished case that where a district court declines to exercise supplemental jurisdiction over state law claims, it is appropriate to decline to award fees on causes of action it has not reviewed. *See Molski v. Foster Freeze Paso Robles*, 267 Fed. App'x 631, 633 (9th Cir. Feb. 20, 2008). Ultimately, the decision to award attorney fees under section 4.28.185(5) is within the trial court's sound discretion. *Amazon.com, Inc. v. Kalaydjian*, 2001 WL 1892190, at *1 (W.D. Wash. Mar. 27, 2001).

1    In *Perkumpulan Investor Crisis Center Dressel--WBG v. Wong*, 2014 WL 3738629

2   (W.D. Wash. July 29, 2014), this Court denied motions for attorney fees based on very similar

3   facts. Plaintiffs in *Perkumpulan* filed a complaint alleging one federal RICO claim and numerous

4   state claims. *Id.* at *1. The Court dismissed the RICO claim with prejudice and declined to

5   exercise supplemental jurisdiction over the state law claims. *Id.* Defendants in *Perkumplan* then

6   filed a motion for attorney fees pursuant to section 4.28.185(5). *Id.* This Court concluded that

7   although defendants had prevailed in the action, there was no finding of bad faith, especially in

8   light of the fact that the state law claims had not been reviewed. *Id.* at *4.

9    Here, the parties do not dispute that Defendants prevailed on their motion to dismiss.

10   The Court agrees that for purposes of this attorney fee request, Defendants prevailed by

11   obtaining a jurisdictional dismissal due to an ultimate lack of subject matter jurisdiction.

12   However, regardless of whether Defendants are deemed the prevailing party for purposes of

13   section 4.28.185(5), such a conclusion would only mean that the Court could award fees, not that

14   Defendants are necessarily entitled to such an award because of Plaintiffs' alleged bad faith. *See*

15   *Perkumpulan*, 2014 WL 3738629, at *4.

16    Defendants argue that Plaintiffs' claims were not brought in good faith because the

17   Defendants' "contacts with the forum state are particularly lacking." (Dkt. No. 41 at 7.)

18   Defendants allege that only two Plaintiffs and one Defendant are Washington citizens. (*Id.* at 8.)

19   Defendants also claim that the case was not brought in good faith because "[a]fter filing three

20   previous and identical class-action lawsuits in other federal courts across the country, Plaintiffs

21   voluntarily dismissed these suits and filed a case in Washington, more than 3,000 miles from

22   Lotto's and Martin's Florida domicile." (Dkt. No. 44 at 6.) Plaintiffs counter that although the

23   Court dismissed the sole federal claim for failure to state a claim upon which relief can be

24   granted, "a state court may present the appropriate forum for the remaining state law claims and

25   [the dismissal] did not make Plaintiffs' invocation of federal jurisdiction frivolous or in bad

26   faith." (Dkt. No. 43 at 6.)

1    The Court concludes that because it had no occasion to reach Defendants' motion to

2 dismiss the state claims on a substantive basis, it cannot say that Plaintiffs' decision to bring

3 Defendants into this lawsuit was frivolous, made in bad faith, or meant to harass. Although

4 Plaintiffs brought similar federal cases in different jurisdictions, the fact the cases were

5 voluntarily dismissed does not necessarily mean that this Washington case was brought on

6 frivolous jurisdictional grounds. Moreover, where a district court declines to exercise

7 supplemental jurisdiction over state law claims, it is appropriate to decline to award fees on

8 causes of action it has not reviewed. *See Molski*, 267 Fed. App'x at 633. Therefore, Defendants'

9 motion for fees is DENIED.

10 **III.    CONCLUSION**

11    For the foregoing reasons, Defendants CSGO Lotto Inc. and Trevor A. Martin's motion

12 for attorney fees (Dkt. No. 41) is DENIED.

13    DATED this 22nd day of November 2016.

14

15

16

17

18

19    John C. Coughenour

20    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

ORDER DENYING DEFENDANTS' MOTION
FOR ATTORNEY FEES
PAGE - 4